**BLAW–KNOX CO. v. LEDERLE,**
District Judge.

No. 10081.

Circuit Court of Appeals, Sixth Circuit.

Nov. 19, 1945.

Walter J. Blenko, of Pittsburgh, Pa., for petitioner.

No appearance for respondent.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

PER CURIAM.

The petitioner was the defendant in a patent infringement suit brought against it by the Farval Corp. in the District Court for the Northern District of Ohio. It is a New Jersey corporation with an established place of business in Cleveland, Ohio, in which state it has an agent designated upon whom service of process may be made under the provisions of Ohio law. It moved for a dismissal of the proceedings on the ground that the court lacked jurisdiction over it because no act of infringement had been committed in Ohio. At a pre-trial conference held in accordance with Rule 16, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, limited to the question of jurisdiction, the respondent, sitting by designation in the Northern District of Ohio, made findings not now challenged that the accused device was sold in Pittsburgh, Pennsylvania; that there was no sale in Ohio; that the petitioner did not use or manufacture the accused device in the district, and is not an inhabitant thereof.

The court concluded, however, that it had jurisdiction of the controversy as a suit arising under the patent laws; that though venue is governed exclusively by § 48 of the Judicial Code, 28 U.S.C.A. § 109, that section gives a defendant a mere personal privilege to object to venue, which privilege may be lost by failure seasonably to assert it or by formal submission or waiver, and that designation by a foreign corporation, as a condition to doing business in Ohio, of an agent upon whom service of process may be made, is an effective consent to be sued in an Ohio federal court for patent infringement which did not occur within the state. It thereupon overruled the petitioner's motion to dismiss.

The court's principal reliance was Neirbo v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, wherein it was held that in diversity of citizenship cases governed by § 51 of the Judicial Code, Act of March 3, 1887, as corrected by Act of August 13, 1888, 28 U.S.C.A. § 112, an action between citizens of different states shall be brought only in the district of the residence of either the plaintiff or the defendant, but that this constitutes mere privilege, and being a privilege may be lost. It further held that the designation of an agent to accept service in suits within a state in conformity with local law, was a surrender of the privilege and conferred jurisdiction upon the federal court sitting in such state to take cognizance of a case.

Neirbo v. Bethlehem, supra, was, however, a suit based on diversity of citizenship. In the present case jurisdiction is grounded upon the patent laws of the United States. Section 48 of the Judicial Code, 28 U.S.C.A. § 109, is held to be the sole provision governing the venue of patent infringement litigation. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026. It provides that in patent infringement suits the district court shall have jurisdiction in the district in which the defendant is an inhabitant, or in any district in which the defendant shall have committed acts of infringement and have a regular and established place of business. The petitioner is not an inhabitant of the Northern District of Ohio, and while it may have an established place of business there, it is neither charged nor found to have committed acts of infringement in Ohio. Section 51, involved in the Neirbo case, is not applicable to patent infringement proceedings. General Electric Co. v. Marvel Co., 287 U.S. 430, 53 S.Ct. 202, 77 L.Ed. 408. Section 48 is wholly independent of § 51. It is likewise independent of § 52, 28 U.S.C.A. § 113. Like conclusions were reached in Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 134 F.2d 545, and Carbide & Carbon Corp. v. United States Chemicals, 4 Cir., 140 F.2d 47.

Assuming that upon the filing of this opinion the cause will be dismissed, there will, for the present, be no direction for the issuance of the writ.

It is so ordered.