**CONSOLIDATED WATER POWER & PAPER CO. et al. v. KIMBERLY–CLARK CORPORATION.**

Civil Action No. 4373.

District Court, E. D. Wisconsin.

Sept. 24, 1947.

Charles J. Merriam, of Chicago, Ill., for plaintiffs.

William E. Anderson, of Chicago, Ill., and Louis Quarles, of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is a suit for infringement of two patents which have to do with the coating of paper for printing. Defendant is a Delaware corporation, and has a regular and established place of business within the Eastern District of Wisconsin.

Plaintiffs move to strike from the answer the following provisions:

In Paragraph 1: "Whether defendant is or is not duly authorized to do business in Wisconsin and has its principal offices at Neenah, Wisconsin, is not relevant to any issue herein, and defendant therefore neither admits nor denies said allegation and moves to strike the same. However, defendant has a regular and established place of business in said district."

In Paragraph 4: "As to the allegation that defendant has infringed said letters patent 'elsewhere,' defendant neither admits nor denies the same, for the reason that this suit was not brought in the domicile (Delaware) of the defendant. and, therefore, at this stage of the proceedings plaintiffs are not entitled to allege or prove any acts of alleged infringement outside of the Eastern District of the State of Wisconsin. Therefore, defendant moves (a) for an order striking from the complaint the words 'and elsewhere,' or, in the alternative, (b) that defendant should not now be required to answer said part of paragraph 4 of the complaint. Defendant prays leave to enter a formal denial to said questioned allegation, nunc pro tunc, whenever such denial is required in the interest of justice."

Section 48 of the Judicial Code, 28 U.S.C.A. § 109 provides: "In suits brought for the infringement of letters patent the district courts of the United States shall

have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

Claim 5 of Patent No. 1,921,368 requires that the coating be applied to both sides of the paper simultaneously between two opposed rolls. Although an inspection by plaintiffs of the operations of defendant in Wisconsin did not disclose any infringement of this claim, it is plaintiffs' contention that the operations conducted by defendant at its plant at Niagara Falls, New York, do infringe said claim. The motion of the plaintiffs here under consideration is directed to that alleged infringement. Plaintiffs would like to have the defendant's New York operations considered in this action, and claim that otherwise the trial will have to be piece-meal.

Defendant argues that there is no venue within the Eastern District of Wisconsin as to its New York operations until an act of infringement has been proved within the Eastern District of the State of Wisconsin. The wording of the statute, Section 48, Judicial Code, 28 U.S.C.A. § 109, bears out defendant's contention. It states as to patent infringement suits not brought in the district where the defendant is an inhabitant. "* * * the district courts * * * shall have jurisdiction * * * in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business."

The only way that this court can determine whether there were any acts of infringement is from evidence received at the trial. Had the plaintiffs elected to bring this suit in Delaware, the State in

which the defendant is considered an inhabitant, they would have been permitted to allege infringement throughout the country and at the trial they would have been permitted to offer proof of infringement anywhere.

Plaintiffs argue, however, that this court now has jurisdiction of defendant's New York operations because (1) the claims of the patents in suit are broad enough to cover the Wisconsin operations of the defendant; (2) defendant is authorized to do business in Wisconsin and that the doctrine of Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437, applies; and (3) that defendant has waived its right to object.

As this is a patent infringement action, Section 48 of the Judicial Code, 28 U.S.C.A. § 109, governs the venue. Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 563, 62 S.Ct. 780, 86 L.Ed. 1026; Blaw-Knox Co. v. Lederle, 6 Cir., 151 F. 2d 973, 974. The mere allegations in plaintiffs' complaint that an infringement had occurred by the Wisconsin operations of defendant cannot take the place of evidence to that effect.

As to the plaintiffs' second reason, the case of Neirbo Co. v. Bethlehem Shipbuilding Corp., Ltd., supra, merely held that a designation by a foreign corporation of an agent for the service of process constitutes a waiver of Section 51 of the Judicial Code, 28 U.S.C.A. § 112, in a suit based upon diversity of citizenship. But Section 51 does not apply to a patent infringement suit. Blaw-Knox Co. v. Lederle, supra. See also: American Blower Corp. v. B. F. Sturtevant Co., D.C., 61 F. Supp. 756.

But plaintiffs argue that defendant has consented to the jurisdiction of this court as to infringements outside of the district and base their argument on the allegations of Paragraphs 6 and 8 of the answer which put in issue all claims of the patent. Plaintiffs say that this is broader than the complaint. However, the answer does not contain a counterclaim and the relief asked merely is the dismissal of the complaint for want of equity. Furthermore, Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides that no defense or objection is waived by being joined by one or more other defenses or objections in a responsive pleading.

I do not consider that the defendant has waived its objection that plaintiffs' pleadings and proofs must comply with the jurisdiction requirements of Section 48, Judicial Code, 28 U.S.C.A. § 109. Saunders v. United States, D.C., 59 F.Supp. 689. Plaintiffs' motion to strike portions of defendant's answer will be denied.