**ROGER et al. v. A. H. BULL & CO., Inc.**

No. 18, Docket 20993.

United States Court of Appeals
Second Circuit.

Nov. 5, 1948.

Duberstein & Nimkoff, of New York City (Wilbur Duberstein, of New York City, of counsel), for plaintiffs-appellants.

Kirlin, Campbell, Hickox & Keating, of New York City (James H. Herbert and John J. McDonnell, both of New York City, of counsel), for defendant-appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This appeal requires decision whether the rule of Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437 as to waiver of the venue provisions of § 51 of the Judicial Code, 28 U.S.C.A. § 112, as it was before the revision embodied in § 1391 Public Law 773, 80th Cong., 2d Sess., June 25, 1948, by a foreign corporation in designating an agent for the service of process upon it in a state in which it is licensed to do business is limited to cases where federal jurisdiction was based upon the diversity of the citizenship of the parties.

The suit was brought in the District Court for the Southern District of New York against appellee, a corporation organized and existing under the laws of the State of New Jersey, by a number of its employees to recover overtime pay, liquidated damages and attorneys' fees in accordance with the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 207, 216(b). For purposes of this appeal it has been established that the appellee maintained its principal offices in the Southern District of New York during all the time here material and did business therein under a certificate, filed in accordance with New York law, § 210 of the New York General Corporation Law, Consol.Laws, c. 23, which designated the Secretary of State as its agent upon whom process might be served.

The complaint alleged that the appellee was engaged in interstate commerce and that the plaintiffs were its employees and performed services for it which were an essential part of its interstate business and were also necessary to the production of goods for shipment in interstate commerce. It alleged further that in so doing they worked for designated periods in excess of the maximum number of hours which made up a statutory work week as defined in the then applicable Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207, and that the defendant had failed and refused to pay them for such overtime at the statutory rate of pay. Judgment therefor was demanded, together with liquidated damages and reasonable attorneys' fees.

There is no diversity jurisdiction; but federal jurisdiction over the subject matter is claimed and clear by virtue of the provisions of the Fair Labor Standards Act, supra, and of 28 U.S.C.A. § 41(8) [now § 1337], covering suits arising out of any

law regulating commerce. The appellee moved to dismiss the complaint for improper venue, since the suit had been brought, contrary to the provisions of 28 U.S.C.A. § 112, in a district other than that of which it was an inhabitant. The court below granted the motion and dismissed the complaint. This appeal is from that order.

Since Neirbo Co. v. Bethlehem Shipbuilding Corp., supra, as well as what may be called its principal forerunner, Ex Parte Schollenberger, 96 U.S. 369, 24 L.Ed. 853, were both diversity cases, it is not surprising that many have supposed that the Neirbo decision does not extend to cases where the power of federal courts to try the issues depends upon other grounds of jurisdiction. Yet we think that under the rule of that case it is the extent to which the foreign corporation has consented to be sued by filing the certificate which counts whatever the basis of federal jurisdiction may be. The fact that diversity jurisdiction presents a situation where venue is waived is but one application of the rule of consent or waiver stated therein. Comparable considerations [arising for different reasons] may make the designation of an agent for service of process amount to a waiver of venue in other situations also.

Here, as in the Neirbo case, the corporation by filing the certificate consented to make itself amenable to process in the state courts through service upon its designated agent. In that case it was held that this consent extended to process issuing out of the federal court sitting within the state, though not within a district of which the corporation was an inhabitant, for the reasons that (1) the corporaton could waive its privilege as to venue under 28 U.S.C.A. § 112 and (2) was to be deemed by filing the certificate, to have done so, at least as to suits cognizable in the state court[1] in which the federal court applied the same law that would have been applicable in the state court.[2] As the opinion of the Court was that (2) is completely fulfilled in respect to diversity cases like the Neirbo case since Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, that corporate defendant was held to have waived the venue.

In the instant case the state and federal courts have concurrent jurisdiction to enforce the provisions of the Fair Labor Standards Act. 29 U.S.C.A. § 216(b).

[1] The reference of the Court to "any court sitting in the state which applies the laws of the state" (page 171 of 308 U.S., page 156 of 60 S.Ct.) is to be understood in its context to relate to the possibility of an action over which diversity of citizenship might provide a sufficient basis for federal jurisdiction although the courts of the state would not themselves have such jurisdiction. If a state right were to exist as to which the remedy in the state courts only had been extinguished by statute, see Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657 for an example, it is conceivable that a suit might be brought in the federal court sitting within that state by a nonresident against a foreign corporation organized under the laws of a state other than that of the plaintiff's residence. There might be diversity jurisdiction in such a case, but until and unless the statute was held invalid, the above quoted sentence of the Neirbo opinion implies that there could be no waiver of venue under the Neirbo rule since, by hypothesis, the foreign corporation had not consented to be sued and served in that action, it not being one maintainable in any state court. Thus the Neirbo rule does not necessarily fit all diversity cases and must be based on broader ground.

[2] The reliance of the Court upon the Schollenberger case, supra, decided while Swift v. Tyson, 16 Pet. 1, 41 U.S. 1, 10 L.Ed. 865, was still good law, does not disprove this condition since in theory the "common law" as applied by the federal courts was the same law as the "common law" applied by the state courts —no matter how much they might differ in fact. See Holmes, J., dissenting in Black & White Taxicab Co. v. Brown & Yellow Taxicab Co., 276 U.S. 518, 523–536, 48 S.Ct. 404, 72 L.Ed. 681, 57 A. L.R. 426. The Schollenberger case, therefore, need not be read to stand for the proposition that consent to service of process is a waiver as to actions in which the federal courts do not apply the same substantive law as the state courts, nor the Neirbo case for the proposition that the rule would apply even if the action were not cognizable in the courts of the state.

The appellee could, therefore, have been sued in the state court where the same statute would have been enforced; and process served as it was here would have been sufficient. So the ground on which it was held in the Neirbo decision that venue had been waived is present in this case and should have the same effect. It is present not because as in diversity cases a federal court sitting within the state applies state law, but because in concurrent jurisdiction cases the state courts apply the federal law. That in diversity cases the "same law" which is applied is state law while here the "same law" which is applied is federal law is a distinction without substance since the corporation's consent in respect to the service of state court process included process in a suit under the Fair Labor Standards Act of 1938, a cause of action within the jurisdiction of the state courts by virtue of their concurrent jurisdiction with the federal courts. Thus it appears that concurrent jurisdiction in this instance is in all material respects the equivalent of diversity jurisdiction in the Neirbo case.

There is nothing in the language in the majority opinion in the Neirbo case which limits that decision to instances of diversity jurisdiction, and we find nothing in principle which requires such a limitation. Moreover, Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 309 U.S. 4, 60 S.Ct. 215, 84 L.Ed. 447, lends some support to our conclusion. If diversity jurisdiction was in fact present there, no point was made of it and it appears from the opinion in the Court of Appeals that jurisdiction was based "upon the fact that the suit was one arising under the Constitution of the United States." Oklahoma Packing Co. v. Oklahoma Gas & Electric Co., 10 Cir., 100 F.2d 770, 773.

In the opinion on the denial of the petition for rehearing in Crosley Corp. v. Westinghouse Electric & Mfg. Co., 3 Cir., 130 F.2d 474, certiorari denied 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546, which involved venue under 28 U.S.C.A. § 112 in an action for a declaratory judgment as to the validity of a patent, it seems to have been taken for granted that the Neirbo case was not limited to diversity suits. But in America Chemical Paint Co. v. Dow Chemical Co., 6 Cir., 161 F.2d 956, where venue also depended on 28 U.S.C.A. § 112, the court refused to follow that case, and, relying on decisions holding that the Neirbo rule did not extend to patent cases in which venue was controlled by old § 48 of the Judicial Code, 28 U.S.C.A. § 109 [now § 1400], apparently held that the Neirbo rule was limited to diversity cases. But see opinion on rehearing, 164 F.2d 208.

And we have held in Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 134 F.2d 545, 547, that in a patent suit venue under old § 48 was not waived by the filing of a certificate to do business in a state and the designation of an agent for the service of process. Phillips v. Baker, 9 Cir., 121 F.2d 752, certiorari denied 314 U.S. 688, 62 S.Ct. 301, 86 L.Ed. 551; Carbide & Carbon Corp. v. United States I. Chemicals, 4 Cir., 140 F. 2d 47; and Blaw-Knox Co. v. Lederle, 6 Cir., 151 F.2d 973 are in accord.

At first blush it might seem that our present decision is inconsistent with them but we think it is clearly distinguishable. In each instance the decisive question is whether there was a waiver of venue by the defendant. The venue provisions of § 48 might certainly be waived as well as those of § 51, in each instance they were but grants of a privilege which the party sued may forego. But the waiver by the filing of a certificate designating an agent within the state for the service of process, as that act was construed in the Neirbo case, was not a waiver of venue in patent cases because since the state courts have no jurisdiction concurrent or otherwise over such cases, the "same law" cannot be applied in state courts. 28 U.S.C.A. § 371(5), § 1338(a), Public Law 773, 80th Cong. 2d Sess., June 25, 1948. Consequently there was no waiver of the venue provisions of § 48 by mere designation of an agent upon whom state court process might be served since those venue provisions amounted to a privilege relating solely to the place of trial of suits in which federal law was applied exclusively in federal courts.

Order reversed and cause remanded for trial on the merits.