The **DOW CHEMICAL COMPANY**,
Plaintiff,

v.

**MONSANTO COMPANY**, Defendant.

Civ. A. No. 5916.

United States District Court,
S. D. Ohio, W. D.

June 16, 1970.

See also D.C., 256 F.Supp. 315.

Edward B. Evans, of Wood, Herron & Evans, Cincinnati, Ohio, for plaintiff.

Robert T. Keeler, of Taft, Stettinius & Hollister, Cincinnati, Ohio, Rynn Berry, Paul C. Flattery, of Fish & Neave, New York City, for defendant.

## ORDER OF DISMISSAL

HOGAN, District Judge.

The background of the current problem in this case is set forth in two pre-vious orders of this Court, one being a pretrial procedural order entered May 16, 1968, and the other being an order entered July 3, 1968. The reference and incorporation will dispense with repetition.

In a nutshell—in this patent infringement case the defendant is basically charged with infringement of a process patent (1) by specific processes practiced by the defendant in Massachusetts; (2) by a specific process practiced by the defendant in the Southern District of Ohio; and (3) by processes practiced elsewhere in the United States. The defendant is a resident of Delaware. Venue has constantly been claimed by the plaintiff in the Southern District of Ohio solely by reason of 28 U.S.C. 1400(b) and specifically under that portion thereof which provides that "[a] civil action for patent infringement may be brought * * * where the defendant has committed acts of infringement and has a regular and established place of business." The defendant promptly moved to dismiss on the ground that the venue was not appropriate because, while the defendant had an established place of business in the Southern District of Ohio, it had not practiced any process here which infringed the plaintiff's patent. The defendant has consistently maintained that position and reserved that position from the very beginning of this case.

There is no question that if the venue requirements are satisfied, a plaintiff in a patent infringement case has a right to have litigated in the district court of that appropriate venue not only all issues connected with the infringement in that district, but also all issues connected with the claimed infringement of the patent by the defendant anywhere in the United States. There is also no question that if the Southern District of Ohio is an appropriate venue in this particular case—

a) There are issues in this case involving patent validity, enforceability, infringement, estoppel and laches, with respect to the processes of

the defendant in districts other than the Southern District of Ohio, which have not been in any respect determined or decided in this case;

b) That at least one of the two things decided in the trial of separate issues in this case would not even be involved in an infringement trial involving the Massachusetts activity of defendant. In other words, the proportions issue involved in the Southern District of Ohio activity would not be involved at all in the Massachusetts issues, since the proportions issue here involved acrylonitrile and file wrapper estoppel, whereas, apparently, at least some of the processes practiced in Massachusetts involve only a two-component mass which does not include AN at all.

To return to the applicable history of this case—the defendant's motion attacking venue obviously posed some problems in its context. We say, "in its context," because if the reported decisions involving patent venue are any guide the context was unusual. In an infringement case in which the defendant is charged simply with infringement in the particular district, the courts appear to have consistently found it advisable to preliminarily examine into the venue question, or, alternately, to pass it to a trial of the validity and infringement issues. The preliminary examination on motion has resulted in dismissals for lack of venue, in some cases based on affidavits and what might be described as summary judgment procedures; the preliminary examination has likewise resulted in pretrial conclusions pro venue. In the latter type of situation, such conclusions have been based on pretrial findings that the acts alleged to be infringements took place in the particular district and are at least arguably so. Subsequent findings contra infringe-

ment in the typical cases of the latter type cause no particular venue question problem, since the result is favorable to the person who attacked it to begin with.[1] Or stated otherwise, a preliminary determination pro infringement a la venue, followed by a merit determination of noninfringement, is the usual type of reported case and that presents no problem. The question, concretely, which this case presents is: What is the effect of a preliminary conclusion by a district court of venue in a situation in which the plaintiff claims not only infringement in that district but other districts, when the conclusion of a trial on the merits of the local infringement[2] is contra infringement? It is concededly, so far as the books are concerned, new. It was forecast in *Devex*, supra, p. 20, footnote 3.

 As is apparent from the pretrial order referred to above, the authorities indicate that in any type of patent case in which venue is initially questioned, it should be gone into preliminarily. The reason assigned is that it would be tragic to go through a full-steam trial on all the merits of all the issues and then find out that venue was inappropriate. It is also apparent from all of the authorities which have had any part of this problem that, while the plaintiff must show infringement when venue is initially questioned, there is a "distinct difference" between the degree of proof required for determination of infringement for venue purposes from that required for a merit or substantive finding of infringement. See for example only, since there are so many of them, *Kaz Manufacturing Co. v. Chesebrough Ponds*, 317 F.2d 679 (2nd, 1963); and *Union Asbestos & Rubber Co. v. Evans Products Co.*, 328 F.2d 949 (7th, 1964). Generally speaking, at the preliminary stage, the plaintiff in a process patent infringement case would bear only the burden of showing that the acts which he, the plaintiff, claims

---

1. Compare *Devex Corp. v. General Motors Corp.*, 263 F.Supp. 17 (Del.1967).

2. This is technically "overbroad." One facet only of the infringement issue was tried on the merits, the proportions facet.

to be an infringement do take place in the particular district and arguably infringe the patent. Again, examples are sufficient: *Ronson Art Metal Works v. Brown,* 104 F.Supp. 716 (S.D.N.Y., 1952); *Watsco Inc. v. Henry Valve Co.,* 232 F.Supp. 38 (S.D.N.Y., 1964).

Applying these tests, this Court in its second order referred to above concluded, in July, 1968, "that, therefore, the venue requirements of 28 U.S.C. 1400(b) are present in this case on this present record." Thereafter the defendant moved for a separate trial of two issues related to this case involving the claimed infringement in the Southern District of Ohio. That motion was granted; those separate issues were tried; that resulted in a conclusion by this Court that on the merits or substance the defendant had not infringed the plaintiff's patent by any of its activities in Southern Ohio.

At the time that motion for a separate trial of the severed issues was granted, the defendant claimed that if the determination was favorable to it in the separate issue trial, the result would be the end of this case. The plaintiff claimed otherwise. This record will indicate—one reference has been made to the basis thereof and that is sufficient—that this Court had its reservations, but the severed issues in any event would have to be tried some day, so no time was lost.

There are two claims in this case relevant to the present issue which should be set to rest initially. The defendant claims that by reason of some activities of the plaintiff, the plaintiff is estopped to claim that the determinations at the separate trial did not end this case as far as a trial court is concerned. On the other side of the scale, the plaintiff claims that by reason of some of the defendant's activities in this case the defendant is estopped to continue to question the jurisdiction of this Court. The activities furnishing the basis for these claims have been carefully reexamined. They do not constitute any basis for any conclusion of estoppel or waiver. They merely amounted to the activities of ex-

cellent counsel doing what they had to do to protect the interest of their clients in the circumstances. The intriguing question pointed out above, therefore, cannot be sidestepped.

It is the claim of the defendant that this Court should enter an order dismissing this action on the ground that "jurisdiction does not exist to proceed further in this Court" by reason of 28 U.S.C. 1400(b), above, and 28 U.S.C. 1406(a). It is the claim of the plaintiff that this Court should set for trial at a future date the remaining issues in this case—that is to say, set for trial a patent infringement case full blast between plaintiff and defendant involving processes of the defendant in states other than Ohio.

To zero in on it—the plaintiff claims that a conclusion pro venue preliminarily or interlocutorily (i.e., this Court's order of July 3, 1968, "that, therefore, the venue requirements of 28 U.S.C. 1400(b) are present in this case on this present record") sets at rest that question forever, unless that particular determination be reversed by an appellate court as erroneous as of the time it was made; the defendant claims that while the song may have been temporarily ended the melody lingered on to the end that if, as and when the fact of noninfringement appears on the record, venue is deficient and the case must be dismissed. As a subzero, the plaintiff would distinguish between a subsequent fact finding in these two contexts: (a) trial on the merits of the infringement issue or a facet thereof—this case; and (b) trial of the severed question of infringement for venue purposes.

The predecessor of 1400(b) came before the Supreme Court in *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942). The predecessor was then in a portion of the Judicial Code dealing with venue as is 1400 today. While venue and jurisdiction have long been separated in legal theory, and clearly so in theory, one of

the problems in this case is pointed up by this language in *Stonite:*

"The Act of 1897 (the predecessor to 1400) was adopted to define the exact jurisdiction of the federal courts in actions to enforce patent rights and thus eliminate the uncertainty produced by the conflicting decisions * * *. * * * Congress did not intend the Act of 1887 to dovetail with the general provisions relating to the venue of civil suits, but rather that it alone should control venue in patent infringement proceedings.

" * * * [the act] was intended to define the exact limits of venue in patent infringement suits."

Next, reference should be again made to *Land v. Dollar*, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947) which has appeared repetitively in this record and particularly to this:

"We only hold that the District Court has jurisdiction to determine its jurisdiction by proceeding to a decision on the merits."

In *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957), 1400(b), as such, came before the Court. The question was whether *Stonite* survived the change from the Act of 1897. The predecessor, though in the venue chapter, specifically used the word "jurisdiction." The predecessor provided:

"In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, * * * in any district in which the defendant * * * shall have committed acts of infringement and have a regular and established place of business."

The Court said that the question before it was simply whether there had been a substantive change in the statute since *Stonite.* In passing, the Court noted that the language, "shall have jurisdiction" was deleted. The Court concluded that 1400(b) "made no substantive change" and held that—

"§ 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions."

The subsequent history of *Fourco* is not much help, since the trial judge had decided contra venue preliminarily. See Transmirra Products Corp. v. Fourco Glass Co., 246 F.2d 538 (2nd, 1957).

In *Schnell v. Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed. 2d 546 (1961), the Supreme Court had before it the question whether 1400(b) could be enlarged or expanded, or liberally construed—as one might wish it— not by waiver (that is conceded) but by the doctrine of virtual appearance. Interestingly and apropos this case the Court said:

"While objection to venue 'may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct, * * * courts affix to conduct [such] consequences as to place of suit consistent with the policy behind' the applicable venue statute. * * * Congress adopted the predecessor to § 1400(b) as a special venue statute in patent infringement actions to eliminate the 'abuses engendered' by previous venue provisions allowing such suits to be brought in any district in which the defendant could be served. * * * The Act was designed 'to define the exact jurisdiction of the * * * courts in these matters.' * * * As late as 1957 we have held § 1400(b) to be 'the sole and exclusive provision controlling venue in patent infringement actions.' "

Compare *Metalock Repair Service, Inc., v. Harman*, 288 F.2d 308 (6th, 1961), in which the Sixth Circuit, in a patent venue case, said:

"While openly controlling the defense of a case in which a person has an interest would preclude such person from later relitigating the same issues, it does not constitute a waiver of the venue statute. The rule in Ocean does not apply in an action for patent infringe-

ment where venue is controlled exclusively by Section 1400(b)."

See also *Blaw-Knox Co. v. Lederle*, 151 F.2d 973 (6th, 1945). In that case the Sixth Circuit, speaking of the old section which the Supreme Court said, as we have seen, was not changed in substance, referred to the question as "jurisdictional." The least that can be said in the aggregate of all of these cases is that, in today's parlance, § 1400(b) is a different kind of venue cat.

On the other side of the coin, the plaintiff points to cases such as *Devex Corp. v. G. M. Corp.*, supra; *Watsco Inc. v. Henry Valve*, supra; *Fastener Corp. v. Spotnails, Inc.*, 291 F.Supp. 974 (N.D.Ill., 1968); *Kaz Mfg. Co. v. Chesebrough Ponds* supra; and *Union Asbestos & Rubber Co. v. Evans Products Co.*, supra—all of which are clear authority for the proposition that the venue question should be tackled and determined preliminarily; all of which stand for the proposition that the test for venue infringement is less than the test for merit infringement and well queries: What is the sense of doing all this? The cases uniformly give as the reason for the differentiation in test that, if such were not so, a court would be deciding the merit issue of infringement preliminarily. Plaintiff likewise points out with just as much force that even jurisdiction, as such, often pends on preliminary determinations. The ever-growing field of pendent jurisdiction, from *Hurn v. Oursler*, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), to and through *Gibbs* [United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218], is certainly evidence of that—and plaintiff well asks, if jurisdiction may pend, why does venue need more glue. Compare General

Foods Corp. v. Carnation Co., 411 F.2d 528 (7th, 1969), in which the Court, for obviously urgent and sufficient practical reasons, did hold—to some extent relying on *Hurn*—that there is such a thing as pendent venue in connection with § 1400(b). However, the holding was in a situation in which the venue problem in respect of one infringement claim involving one patent was clearly met and the problem was whether there could be pended another infringement claim involving the same patent and the same parties. Here our problem is whether there is any venue to pend to.

■ It is the determination of this Court that, as applied to the facts of this case, § 1400(b) means just what it says. It should be strictly and not liberally construed.[3] While preliminary determination of any venue question should be made, it is preliminary. The policy expressed by Congress in the Act is that a patent action may be brought successfully in a district other than that in which the defendant resides only if in ultimate fact (a) the defendant has a regular and established place of business in such alternate district, and (b) the defendant has committed acts of infringement there. A holding by a court that "acts of infringement" means "bona fide claimed acts of infringement" would be a judicial amendment to a statute, which the courts have consistently held should be strictly enforced. Further, an old adage which needs no citation is that a federal court, if, as and when lack of jurisdiction appears, should dismiss. In fact, the adage goes further as an adage and includes the phrase "when in doubt."[4]

This Court has given serious consideration to transferring this case to the District of Delaware under § 1406. If

---

3. And as so strictly construed, strictly applied.

4. Concededly, the application here is "semble." There are two serious law questions now in this case, the one related to file wrapper estoppel and the other this venue question; pragmatically both should be put at rest, one way or the other, as soon

as may be. At least, the parties should not be put to a protracted trial only to learn in a subsequent appeal that jurisdiction in this Court was wanting. Also pragmatically, that desirability may well have subconsciously had its effect on this Court's thinking on the venue matter. We think not, but one cannot estimate his subconscious.

that would make the problem go away, that would be done. However, it will not. As is evident from cases such as *Devex Corp. v. G. M. Corp.*, supra; *Blaw-Knox Co. v. Lederle*, supra; *Hoffman v. Blaski*, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Carey Mfg. Co. v. Taylor*, 286 F.2d 782 (6th, 1961); and *Johnson & Johnson v. Picard*, 282 F.2d 386 (6th, 1960) such an order or proposed order, in the present context of this case, would involve motions or appeals for extraordinary writs to the District of Delaware, the Third Circuit and the Sixth Circuit—since the transfer actions of district courts in patent venue matters seem to be peculiarly subject to the extraordinary writ jurisdiction of circuits. To involve the parties to this case and those courts in a series of go-rounds which are settleable in one direct appeal to one circuit court would not be "in the interest of justice."[5]

It is, therefore, the

### ORDER

of this Court as follows:

The Court, on July 3, 1968, having entered an order that the Court had jurisdiction and venue in this case on the then present record, and subsequently, on December 6, 1968, upon defendant's motion, having ordered trial of two separated issues in advance of other issues as being in furtherance of convenience and conducive to expedition and economy, and the Court having heard the trial on the separated issues, having carefully considered the evidence presented therein, having heard arguments of counsel, and, being fully advised with respect thereto, having entered findings and conclusions applicable to the separated issues and the Court having subsequently carefully considered proposals and

5. The patent involved issued in 1954. This case was filed in May of 1965. Insofar as this Court is informed, there is no

memoranda filed by counsel concerning further proceedings in this case;

 The Court finds that there has been no infringement of U. S. Patent 2,694,692 by defendant in this Judicial District and that this Court, by reason of venue impropriety, has no jurisdiction to proceed further in this case;

It is, therefore, ordered, adjudged and decreed, pursuant to 26 U.S.C. § 1406(a) that the plaintiff's complaint be and it hereby is dismissed at plaintiff's costs.

other case between these parties in any District Court involving this patent.