FIFE MANUFACTURING COMPANY, an Oklahoma Corporation, Plaintiff,

v.

STANFORD ENGINEERING CO. (Alias Stanford Machine Co.), an Illinois Corporation, and W. T. Stanford, an Individual, Defendants.

Civ. A. No. 4287.

United States District Court
E. D. Illinois.
March 31, 1961.

Charles M. McKnight, Tulsa, Okl., Jerry J. Dunlap, Oklahoma City, Okl.,

Pope & Driemeyer, East St. Louis, Ill., for plaintiff.

Raymond O. Horn, Salem Ill., Roy A. Lieder and Joseph J. Gravely, St. Louis, Mo., for defendants.

JUERGENS, District Judge.

This is an action for infringement of United States Letters Patent No. 2,797,-091, relating to a web shifting apparatus, issued to Mr. Irwin L. Fife on June 25, 1957 (hereinafter referred to as the Fife patent), and is presently owned by assignment by the Fife Manufacturing Company.

The complaint charges that the Stanford Engineering Co. (alias Stanford Machine Co.) and W. T. Stanford committed acts infringing the Fife patent.

Plaintiff Fife Manufacturing Company is a corporation organized and existing under the laws of the State of Oklahoma and has its principal place of business in Oklahoma City, Oklahoma, and is in the business of manufacturing and selling automatic guide equipment.

The defendant Stanford Engineering Co. (alias Stanford Machine Co.) is a corporation organized and existing under the laws of the State of Illinois and has its principal place of business in Salem, Illinois.

The complaint alleges that within the last six years the defendants, and each of them, have been and are now infringing the Fife patent and are using and selling or offering to the trade for sale web shifting apparatus known as the "Stanford Model 110 Automatic Web Guide" and others embodying the Fife patent; that plaintiff has placed the required statutory notice on all web guiding apparatus manufactured and sold by it under the Fife patent and has given notice to the defendants of their infringements.

The defendants filed their answers denying any acts of infringement and assert that the Fife patent was not duly and legally issued. The defendant Stanford Engineering Co. admits making the Stanford Model 110 automatic web guide and other devices but denies that any of the devices made and sold since the issue of the Fife patent infringe the patent.

The defendants have also filed counterclaims against the plaintiff, charging that the Fife patent is invalid because of anticipation and/or lack of invention over the prior art; that the subject matter of the patent was not novel at the time of its alleged invention and no invention was required to devise and perfect the alleged invention and the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art; that claims 10, 11 and 12 of the Fife patent are broader in scope than those originally submitted and that the claims were added by amendment on July 6, 1956, more than six years after the filing of the original application of April 28, 1950, and more than twenty-three months after the filing of application on August 5, 1955, and that claims 10, 11 and 12 are not properly supported by the required authority and are, therefore, not valid; that the Fife patent is invalid for the further reason that the subject matter covered thereby was in use in this country more than one year before the claims were introduced by amendment on July 6, 1956.

The counterclaim further alleges that the filing of the complaint herein by plaintiff was without notice and without just cause and was carried out for the purpose of unjustly harrassing the defendants, causing unnecessary trouble and expense.

The plaintiff denies the allegations of the counterclaim.

During the trial the plaintiff dismissed the complaint as to Mr. W. T. Stanford and struck from the complaint the alias referred to therein; therefore, Stanford Engineering Co. remains as the sole defendant.

At the pre-trial conference it was stipulated that plaintiff would rely on claims 4, 10, 11 and 12 of the patent in suit. This cause is, therefore, limited to these enumerated claims.

The issues to be decided are whether or not: claims 4, 10, 11 and 12 of the

Fife patent are inventive over the prior art; the Stanford device infringes claims 4, 10, 11 and 12; the subject matter in suit is lawfully patentable to Mr. Fife, the inventor; and the patent was lawfully issued by the Patent Office.

Claim 4 of the patent in suit provides as follows:

"In a self-compensating mechanism for straightening traveling webs comprising in combination a pair of rollers over which the web travels, said rollers extending transversely to the direction of the web travel, said web traveling over one roller and under another roller for maintaining wrap during its travel, a base plate supported at each side of the web and disposed at an angle to the direction of the web travel, a movable support member carried by each base plate for journalling the ends of the rollers, and means responsive to variations of web travel to effect movement of the support members in a direction to provide a cambering movement of the rollers for correctly positioning the travel of the web."

Claim 10 provides:

"In an automatic regulating mechanism for straightening traveling webs comprising in combination a roller over which the web travels and about which it is wrapped in an amount sufficient to effect lateral movement of the web in response to lateral movement of the roller, said roller extending transversely to the direction of web travel, means disposed at each side of the web at an angle to the direction of web travel, means movably mounted on the first mentioned means for simultaneous lateral and swivel movement and journalling an end of said roller, and means responsive to lateral deviations of the web from a pre-determined path of travel for directing the movable means in said simultaneous lateral and swivel movement effecting a canting movement of the roller for correcting any misalignment of the web."

Claim 11 provides:

"In a self-compensating mechanism for straightening traveling webs comprising in combination a roller over which the web travels and about which it is wrapped to effect a substantial frictional engagement therewith, said roller extending transversely to the direction of web travel, means disposed at each side of the web for journalling an end of said roller, means cooperating with the first mentioned means to provide for simultaneous lateral and swivel movement of said roller, means responsive to lateral deviations of the web from a pre-determined path of travel for directing the first mentioned means in said simultaneous lateral and swivel movement for effecting a canting movement of the roller."

Claim 12 provides:

"In a self-compensating mechanism for straightening traveling webs comprising in combination a roller over which the web travels and about which it is wrapped to effect a substantial frictional engagement therewith, said roller extending transversely to the direction of web travel, means disposed at each side of the web for journalling an end of said roller, means cooperating with the first mentioned means to provide for simultaneous lateral and swivel movement of said roller, means responsive to lateral deviations of the web from a pre-determined path of travel for directing the first mentioned means in said simultaneous lateral and swivel movement in a horizontal plane for effecting a canting movement of the roller."

At the trial the plaintiff claimed that the patented machine is capable of guiding all types of material from thick heavy belts to the very finest of cellophane and is capable of guiding materials which are very narrow or quite wide and that it is used to guide materials from an unwind roll to a rewind station. The plaintiff further asserted that there are

many devices in the art that have attempted to do what this patent accomplishes. The plaintiff does not contend that the elements of the patent are new but that the novelty in arrangement is new in that it provides for both lateral and swivel movement in its operation; whereas the prior art provided for merely lateral or swivel movement and did not provide for both lateral and swivel movement in conjunction.

Very generally described, the apparatus disclosed in the Fife patent is comprised of two guide rollers over which the web to be guided passes. These rollers are mounted at either end on a carrier plate, which are in turn mounted on two guide rods which permit the carrier plate carrying the rollers to move horizontally along the guide rods. The guide rods are mounted on a base plate which is held in place by studs. The guide rods are mounted at an angle to the guide rollers so that as the guide rollers are moved to the right or left a swivel movement is also accomplished. One of the carrier plates is then by various linkage attached to a power unit which is capable of moving the guide rollers to the right or left in accordance with impulses which are received from a feeler unit, which feeler unit is in turn positioned at the edge of the web to be guided in such a manner that, as the web deviates in its path of travel, an impulse is sent out which activates the power unit, which in turn moves the guide rollers so as to bring the material being guided into the proper path of travel.

The inventor testified that he was the inventor of the patent in suit and that he had assigned it to the plaintiff. He testified he had worked with the web guiding machines for a number of years and that materials tend to get out of line during the rewinding operation and because of this tendency it is necessary that the materials be guided in order to effect true alignment on the rewind roll. He stated that he has seen manually operated machines and that he has visited a number of plants in need of a rewind operation; that he has experimented with various types of sensing apparatus connected to a swivel type machine, but that these were not successful; that in 1947 he conceived an idea for a patent and attempted to make it work but without success; later an experimental machine resulted in failure; that in 1949 he first produced a machine which was commercially successful and placed it in a packaging show exhibit. He testified that his web guide is so constructed that if the web moves off to the left the guide apparatus reacts, which causes guide rollers to be moved to the right and further causes the rollers to swivel, correcting the path of travel and aligning the web; that the patent has resulted in increased business. On cross-examination he testified he had made a model in 1947 based on principles similar to the present machine but that it had only one roller and different parts; that he tried the machine on a job, but it did not work; that the first machine which really worked was constructed in 1949; that the machine Fife Manufacturing Company now sells has a different type feeler and power unit and that they now use a hydraulic type unit instead of the old type screw unit shown in the patent diagram. He testified that feelers, sensing units, reversible power units and swivel units were old in the art but that the lateral shifting in conjunction with swiveling was not known in the prior art. He further testified that the pivot or swivel type unit is in widespread use and that it is used in conjunction with feelers and sensing units together with reversible power units.

Clarence W. Brown, vice-president of Fife Manufacturing Company, testified concerning the operation of the Fife machine. On cross-examination he admitted that the accused device has no base plates as called for in the claims of the Fife patent. On re-direct examination this witness said that the pivoted links of the accused device are the mechanical equivalent of base plates found in the Fife patent.

William Thomas Stanford, general manager of the Stanford Engineering Co., testified that he designed Stanford

Model 11 and that he had probably seen the Fife equipment before making the Model 11; that the company had ceased manufacturing this model upon notice of infringement by the plaintiff; that he consulted with his attorney and was informed that Model 110 (the accused device) was not an infringement of the Fife patent; and that the company is now selling the Model 110. He further testified that he obtained a license from J. F. Morse, owner of Patent No. 2,387,-036 for the sum of $2,500; that the machines manufactured under the Dickhaut Patent No. 1,634,984 work; that in the Dickhaut machine the guide rollers pivot and the pivoting causes the web to shift laterally; that the lateral movement of the guide rollers on the Stanford No. 110 model is only slight; that in practice not much lateral movement is needed since the telescoping of the rolls is generally in one direction and most installations require only a ¼″ lateral movement. He testified that the defendant sells actuators, sensing heads and vacuum pumps; that the defendant commonly sells guide apparatus parts, which are installed by the purchaser. He further testified that the Morse patent does not utilize external power; that the correction in the Morse patent is performed by a tilting of the guide roller as the web passes over it.

Mr. John A. Fisher, dean of the School of Engineering of Washington University in St. Louis, in his testimony indicated he was familiar with the Fife patent; that in this patent there is a base plate support at each end of the web disposed at an angle to the web travel; that claims 10, 11 and 12 do not specifically mention the base plates but that the claims are composed of means clauses from which one is to assume that they were intended to cover the base plates since there would have to be something to journal the ends of the rollers to get a lateral and swivel movement; that there was nothing in the accused device which corresponds to the sliding supports of the patent in suit nor did he find base plates in the accused device. He further testified that in his opinion the links mount-

ing the guide rollers in the accused device are not a mechanical equivalent to the base plates of the Fife patent, when considered with the other structures of the patented device; that the end results in the two devices are slightly different in that one moves in a straight line and the other moves in an arc; that there is a different motion but that they both shift laterally and at the same time cant.

The questions for decision are whether or not: the Fife patent, as expressed in claims 4, 10, 11 and 12, is inventive over the prior art; the subject matter described therein is lawfully patentable to Mr. Fife, the inventor; and the patent was lawfully issued by the Patent Office.

■ In all patent cases the Court must start with the presumption of validity which attaches to the grant. This presumption is a positive factor which must be overcome by clear and convincing evidence by one who asserts invalidity. Consolidated Electrodynamics Corp. v. Midwestern Instruments, 1958, 10 Cir., 260 F.2d 811; Artmoore Co. v. Dayless Mfg. Co., 1953, 7 Cir., 208 F.2d 1. However, the presumption of validity arising from the grant of a patent does not exist as against prior art not before the Patent Office. Senco Products, Inc., v. Fastener Corporation, 1959, 7 Cir., 269 F.2d 33.

The references cited before the Patent Office and in this Court in connection with the patent in suit were Patent No. 1,634,984, Dickhaut; No. 2,066,307, Horton; No. 2,387,036, Morse; No. 2,635,873, Worm; and No. 2,722,415, Wood. Suffice it to say that these patents were considered by the Patent Office, which saw fit to grant letters patent to Mr. Fife, the inventor, notwithstanding the teachings of these patents. Accordingly, the presumption of validity attaches to the patent in suit insofar as concerns the patents cited. After examining the cited patents and hearing the testimony adduced, this Court is unable to say that the presumption of validity of the patent was overcome by clear and convincing evidence and finds that the patent was properly issued and is valid over the prior art cited.

T. Baker's Patent No. 43,280 was not cited to the Patent Office. It teaches a method of controlling felt guides for paper making machines which utilizes a guide roller mounted on brackets or arms, which in turn are fastened to a cam arm, which in turn engages the edge of the felt and causes the felt being guided to maintain its proper course. Baker teaches both lateral and swiveling movement of the guide roller, but it is not the equivalent of the Fife patent in suit.

Patent No. 804,578, issued to P. E. Bradley on November 14, 1905, pertains to an apron guide for a mangle. It teaches the use of a guide roller, the purpose of which is to maintain alignment of aprons on laundry machines, such as a mangle. The guide roller is mounted on arms or brackets in such a manner as to cause the guide roller to shift both laterally and swivel to effect corrections in the path of travel. A feeler mechanism is provided which, working in conjunction with an external power source, effects lateral and swivel movement of the guide rollers. This machine does not anticipate the Fife invention.

Patent No. 1,982,685, issued to R. Muller on December 4, 1934, was not cited to the Patent Office. This patent teaches the use of a feeler mechanism in conjunction with an external reversible motor or actuator, which effects correction in the path of a web by causing the guide roller to be moved laterally. This device is not sufficiently similar to the operation described in the Fife patent to justify an inference of anticipation.

A. T. King's Patent No. 2,331,030, issued October 5, 1943, relating to a web aligning apparatus, was not cited to the Patent Office. This patent teaches the swiveling of guide rollers but does not teach lateral movement together with swiveling action. It does, however, teach the use of a feeler mechanism and an external power source. Even broadly considered, this patent does not anticipate the patent in suit.

This Court has examined each of the patents which it is charged anticipate the Fife patent and finds that the Fife device discloses invention and is patentable over the prior art.

In the words of the plaintiff, the patent in suit relates to a combination apparatus for correcting misalignment of traveling webs and more particularly to a web guide apparatus that will properly shift a traveling web at or adjacent to any point in its travel where accurate alignment of the web is critical. The shifting is provided by a lateral shifting of the web guide roller about which the web is wrapped simultaneously with the swiveling of the roller in order to correct any misalignment. The misalignment of the web is determined by a vacuum type orifice or any other suitable sensing or feeler unit which is constantly disposed coterminous with one side edge of the traveling web. Upon misalignment or deviation of the web, the sensing unit is caused to signal an actuating apparatus for correcting the web deviation in the manner that will provide a repositioning of the guide rollers for the traveling web by an actuating force other than that provided by the web itself. Such repositioning is a simultaneous lateral shifting and swiveling of the web guide roller.

The plaintiff acknowledges that guide mechanisms for aprons, platens and webs are numerous in the prior art and have been known in the industry for almost a century. It asserts that one of the most common means of correcting deviations is by changing the path of travel of a web coming from an unwind roll and asserts that this is usually accomplished by shifting the longitudinal axis of the rewind roll itself transversely in order to correct the web deviation or by providing swiveling of the web guide roller from a center point position with no lateral shifting movement or swiveling one end only of the guide roller as the tension increases on one side of the traveling web, but that the swiveling action is not accompanied by lateral movement. If the combination lateral and swivel movement of a guide roller together with a feeler mechanism and an actuating device were the entire claim of the plaintiff, then it would clearly not be patentable

over prior art, but such is not the entire teaching of the patent in suit. It is admitted by the plaintiff, and justly so, that the use of feeler mechanisms working in conjunction with an external power source, which in turn activate guide rollers to effect alignment of traveling webs, is old in the art.

■ The novelty combination of old elements which so cooperate with each other so as to produce a new and useful result or a substantial increase in efficiency is patentable. Weller Manufacturing Company v. Wen Products, Inc., 1956, 7 Cir., 231 F.2d 795. The patent in suit discloses a departure from the former prevailing concept in web guiding mechanisms in that the guide roller carrying mechanism provided in the invention is clearly unique from the type of guide roller carrying mechanisms utilized in the prior art. It is the combination of the particular type of guide roller carrying mechanism in conjunction with the sensing head and external power unit which the Court believes the Patent Office found to be sufficiently distinguishable from the prior art to award the patent in suit. When limited to this particular combination of elements, the Court finds that the Fife patent in suit was properly issued by the Patent Office, is inventive over the prior art and does contain patentable invention.

The plaintiff in effect asks this Court to declare that all web guiding apparatus utilizing a guide roller capable of lateral and swivel movement and controlled by a feeler mechanism, acting in cooperation with an external power source, infringes the patent in suit. Such is not the case. If the patent presented to the Patent Office had been intended to be so all-inclusive as the plaintiff here contends, then it clearly would not have been patentable over the prior art. When limited to the specific combination disclosed in the patent, then and only then is it worthy of a patent grant. The patent certainly could not have been granted by the Patent Office in the face of the multitudinous inventions existing in this crowded art if the broad claims here asked had been represented to the Patent Office.

The question next to be considered by the Court is whether or not the accused device infringes the Fife patent.

■ To establish infringement there must be identity of means, operation and result. Weil Pump Co. v. Chicago Pump Co., 7 Cir., 74 F.2d 13.

■ In determining whether an accused device infringes a valid patent, resort must be had in the first instance to the words of the claim, but a mere application of claim phraseology is not alone enough to establish infringement nor is similarity of result. There must be real identity of means, operation and result. Scherbatskoy v. United States Steel Corp., et al., 7 Cir., 1961, 287 F.2d 552.

The plaintiff urges that the combination of elements in the claim and the combination of the elements in the accused device are equivalent and strongly urges that the doctrine of equivalents applies.

■ The doctrine of equivalents is old in the patent law and is defined as:

" '(T)he substantial equivalent of a thing, in the sense of the patent law, is the same as the thing itself; so that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form or shape.' Machine Co. v. Murphy, 1877, 97 U.S. 120, 125, 24 L.Ed. 935." Parmelee Pharmaceutical Company v. Zink, 1961, 8 Cir., 285 F.2d 465, 470.

■ The presence of equivalency is not in itself enough to warrant the application of the doctrine nor does it necessarily determine infringement. The requirements of the patent statutes must still be met. The doctrine of equivalents cannot be used to expand the patent claims.

■ The doctrine may be invoked not only where a patent is a pioneer but also where a secondary invention is involved.

"What constitutes equivalency must be determined against the context of the patent, the prior art, and the particular circumstances of the case. Equivalence, in the patent law, is not the prisoner of a formula and is not an absolute to be considered in a vacuum. It does not require complete identity for every purpose and in every respect. In determining equivalents, things equal to the same thing may not be equal to each other, and, by the same token, things for most purposes different may sometimes be equivalents. Consideration must be given to the purpose for which an ingredient is used in a patent, the qualities it has when combined with the other ingredients, and the function which it is intended to perform. An important factor is whether persons reasonably skilled in the art would have known of the interchangeability of an ingredient not contained in the patent with one that was." Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 609, 70 S.Ct. 854, 856, 94 L.Ed. 1097.

██ If the doctrine is applicable, then the range of equivalents depends upon the degree of invention and where the patent is a pioneer it is granted a wide range, but where the patent is found in a crowded art, it is given only narrow range. Parmelee Pharmaceutical Co. v. Zink, 1961, 8 Cir., 285 F.2d 465.

Applying the above standards to the case currently before the Court, it seems inescapable that the doctrine of equivalents does not perform the task plaintiff would desire.

As pointed out above, the patented invention contains a unique type of guide roller carrying mechanism which is not found in the prior art; not so the accused device. The web guide roller carrying device utilized in the accused device is patterned after Morse Patent No. 2,387,-036 and is readily comparable to the guide roller carrying mechanism disclosed therein. The defendant has added a feeler mechanism and an external power source to the Morse device, but it could hardly be contended that the utilization of the components of the Morse patent and adding a feeler and external power source would produce a patentable invention, since the prior art is replete with teachings of the use of feeler units and external power sources. In the accused mechanism the guide roller carriage consists of arms mounted to either end of the guide rollers, which in effect causes the lateral and swivel movement; however, the movement of this mechanism could more clearly be described as moving the guide roller in an arc or circular movement. The patented device operates on a different principle. Each end of the carrier rollers is mounted on a carrier plate, which is then mounted on guide rods along which the carrier moves. The guide rods are mounted on base plates, which are set at an angle. These base plates being set at an angle cause a lateral as well as cambering or swiveling action to be transmitted to the carrier rollers. In this device, however, the operation is performed by moving the base plates in a straight line and not in an arc or circular movement as is found in the accused device.

The Court finds that the accused device does not infringe the Fife patent in suit and that the defendant has not infringed the Fife patent in suit.

The above and foregoing shall be considered additional findings of fact and conclusions of law.

Findings of Fact.

1. The defendant W. T. Stanford was dismissed by the plaintiff and is no longer a party to this action.

2. The alias Stanford Machine Co., as the same appears in the complaint, was stricken therefrom on motion of the plaintiff.

3. There remains only the defendant Stanford Engineering Co.

4. Jurisdiction in this cause is founded on the patent laws of the United States, Title 28, U.S.C.A. § 1338(a).

5. The Court has jurisdiction of the parties and of the subject matter.

6. The patent in suit, No. 2,797,091, was issued to Irwin L. Fife on June 25, 1957, and was later assigned to the plaintiff Fife Manufacturing Company.

7. The plaintiff asserts validity and infringement of the Fife Patent No. 2,797,091, dated June 25, 1957.

8. Plaintiff relies for infringement upon claims 4, 10, 11 and 12 of the Fife Patent No. 2,797,091.

9. Application for patent was filed on April 28, 1950; amendment thereto was filed December 10, 1953; and a continuation in part was filed on August 5, 1955, which resulted in the issuance of Patent No. 2,797,091 to Irwin L. Fife on June 25, 1957.

10. Superficially, the patent may be described as follows: The subject matter of the patent involves an improvement in web shifting apparatus having guide rollers over which the web travels. The ends of the guide rollers are secured to movable support members, which slide with respect to angularly mounted base plates, which are bolted in a fixed position. The base plates have guide rods on which the support members slide. Bearings or support members are pivotally mounted to the followers and receive the roller shafts. The rollers move along a pre-determined path and are guided along that path by means of an external power source or actuator, which is controlled in its movement by impulses received from a feeler or guide mechanism which is mounted so as to contact the edge of the web to be guided. The guide roller movement is a simultaneous lateral and swivel movement, which effects a canting or cambering to correct misalignment of the web.

11. The prior art taught the use of feeler mechanisms acting in conjunction with external power sources, which in turn activate the movement of the guide rollers in effecting corrections for web guiding apparatus.

12. The prior art discloses lateral movements, swivel movements and combinations of lateral and swivel movements of web guide rollers.

13. The prior art does not disclose a web guide roller carrying mechanism comparable to the Fife web guide roller carrying mechanism.

14. The patented device in suit teaches the use of a feeler mechanism operating in conjunction with an external power source to activate web guide rollers mounted on a unique type of web guide roller carrying mechanism, which distinguishes the patent in suit from the prior art, and limited to such, the patent is patentable over the prior art.

15. The Fife Patent No. 2,797,091 is a patentable invention and the patent was properly issued by the Patent Office.

16. The combination of a feeler mechanism acting in conjunction with an external power source, which in turn operates web guide rollers which move laterally or swivel, or which move both laterally and swivel, is not in and of itself patentable over the prior art.

17. The accused device consists of web guide rollers mounted on arms, which permit both lateral and swivel movement, is copied after and is comparable to Patent No. 2,387,036, issued to John F. Morse on October 16, 1945.

18. The combination of the web guide rollers in the mounting utilized in the accused device in conjunction with an external power source and a feeler or guide mechanism is not comparable to the patent in suit.

19. There is not complete identity in means, operation and result between the Fife patent in suit and the accused device.

20. The accused device is not the equivalent of the patented device in suit.

21. The accused device does not infringe the patent in suit.

22. Costs should be assessed against the plaintiff on the complaint and the answer and against the defendant on the counterclaim and the answer to the counterclaim.

### Conclusions of Law.

1. Jurisdiction in this cause is founded on the patent laws of the United States, Title 28, U.S.C.A. § 1338(a).

2. The Court has jurisdiction of the parties and of the subject matter.

3. Claims 4, 10, 11 and 12 of plaintiff's patent in suit are valid.

4. The accused device does not infringe claims 4, 10, 11 and 12 of the plaintiff's patent in suit.

5. Judgment should be entered for the defendant and against the plaintiff on the complaint.

6. Judgment should be entered for the plaintiff and against the defendant on the defendant's counterclaim.