## STATE OF GEORGIA v. WENGER.

### No. 10267.

United States Court of Appeals
Seventh Circuit.

Feb. 23, 1951.

Rehearing Denied March 22, 1951.

Eugene Cook, Atty. Gen., M. H. Blackshear, Jr., Lamar W. Sizemore, Asst. Attys. Gen., W. Joe Hill, Benton, Ill., for appellant.

Robert L. Lansden, Cairo, Ill., Maurice J. Walsh, Chicago, Ill., for appellee.

Before KERNER, FINNEGAN, and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

Plaintiff, State of Georgia, sued defendant, a resident of Illinois, in a civil action to recover damages alleged to have resulted from a conspiracy to violate plaintiff's revenue laws. The complaint alleged that defendant with certain residents of the State of Georgia conspired to ship and did ship and sell 79,000 gallons of intoxicating liquors from Illinois to the residents of Georgia, and that no warehouse fees or taxes imposed by the laws of Georgia were paid thereon, and as a result the State of Georgia was defrauded of $395,000.

Attached to and incorporated as a part of the complaint is a pamphlet from which it appears that all liquor imported into Georgia must be delivered to a State warehouse which shall impose certain warehouse charges and taxes upon the liquor and shall require payment of the taxes and charges before the liquor is released. Along with such provisions are criminal sections providing that it is a violation of the Georgia law to accept liquor except through the State warehouses, but there is no authority in the statute for a civil suit for damages against persons who are considered to have avoided the tax.

The ground on which the jurisdiction is invoked is that the cause arose under the Constitution and the laws of the United States. 28 U.S.C.A. § 1331. That is to say, plaintiff contends that her action arose under the second section of the Twenty-first Amendment to the Constitution of the United States and under the Webb-Kenyon Act, 27 U.S.C.A. § 122.

The defendant moved to dismiss because the complaint showed that the action was brought for the purpose of collecting taxes and fees claimed to be imposed and due only under the laws of the State of Georgia. The District Court being of the opinion that no legal right or cause of action of the nature asserted in the complaint arose or could arise under the second section of the Twenty-first Amendment or under the Webb-Kenyon Act, sustained the motion, dismissed the complaint for failure to state a federal claim upon which relief could be granted, and entered judgment for costs against plaintiff.

The Twenty-first Amendment provides: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." And the Webb-Kenyon Act provides: "The shipment or transportation, in any manner or by any means whatsoever, of any spirituous * * * or other intoxicating liquor of any kind, from one State * * * into any other State, * * * which said spirituous * * * or other intoxicating liquor is intended, by any person interested therein, to be received, possessed, sold, or in any manner used * * * in violation of any law of such State * * * is hereby prohibited."

The trial judge was of the opinion that he must accept jurisdiction of the cause. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939. He then considered whether the claim had any basis under the Constitution or laws of the United States. He reviewed the applicability of the Commerce Clause of the Constitution Art. 1, § 8, cl. 3, in relation to liquor and the construction given to the Webb-Kenyon Act, and reached the conclusion that the Webb-Kenyon Act and the Twenty-first Amendment accomplished no more than to remove from liquor any protection or immunity from State action by reason of the Commerce Clause of the Federal Constitution. He stated his views in this manner: "Neither * * * the act or the amendment was intended to confer or does confer any civil remedy for damages upon a state into which liquor has been transported contrary to the prohibitions therein set forth. * * * Neither serves to give the states enforceable civil rights but only serves as enabling authority for broader state legislation relating to intoxicants."

In this court plaintiff's counsel make the points that the Webb-Kenyon Act is a regulation of commerce, and that the Twenty-first Amendment was adopted for the benefit and protection of the States, and they argue that the language of the Amendment prohibits the acts of the defendant described in the complaint, hence Georgia has an actionable federal right and a violation

of that right is an appropriate subject for judicial redress in the federal courts. In support of these contentions, plaintiff, among other cases, cites McCormick & Co. v. Brown, 286 U.S. 131, 52 S.Ct. 522, 76 L. Ed. 1017; Duckworth v. Arkansas, 314 U.S. 390, 62 S.Ct. 311, 86 L.Ed. 294; Carter v. Virginia, 321 U.S. 131, 64 S.Ct. 464, 88 L. Ed. 605; and United States v. Frankfort Distilleries, 324 U.S. 293, 65 S.Ct. 661, 89 L. Ed. 951.

We have studied and considered all of the cases cited by plaintiff. In McCormick & Co. v. Brown, 286 U.S. 131, 52 S.Ct. 522, 526, 76 L.Ed. 1017, the Court held that the purpose of the Webb-Kenyon Act "was to prevent the immunity characteristic of interstate commerce from being used to permit the receipt of liquor through such commerce in States contrary to their laws," and in Duckworth v. Arkansas, 314 U.S. 390, 62 S.Ct. 311, 86 L.Ed. 294, the Court held that a statute of Arkansas requiring a permit for the transportation of intoxicating liquor through the State, was not violative of the Commerce Clause.

In Carter v. Virginia, 321 U.S. 131, 64 S.Ct. 464, 88 L.Ed. 605, Carter was convicted of violating the Virginia Alcoholic Beverage Control Act. He contended that the Act violated the Commerce Clause of the Federal Constitution. Virginia's highest court rejected the contention. The Supreme Court of the United States affirmed the conviction, and 321 U.S. at page 137, 64 S.Ct. at page 468, in speaking of the Commerce Clause and the Twenty-first Amendment, said: "By interpretation of this Court the Amendment has been held to relieve the states of the limitations of the Commerce Clause on their powers over such transportation or importation." In United States v. Frankfort Distilleries, 324 U.S. 293, at page 300, 65 S.Ct. 661, at page 665, 89 L.Ed. 951, in a concurring opinion by Mr. Justice Frankfurter, it was said: "The Twenty-first Amendment made a fundamental change, as to control of the liquor traffic, in the constitutional relations between the States and national authority. Before that Amendment—disregarding the interlude of the Eighteenth Amendment— alcohol was for constitutional purposes treated in the abstract as an article of commerce just like peanuts and potatoes. As a result, the power of the States to control the liquor traffic was subordinated to the right of free trade across state lines as embodied in the Commerce Clause. * * *

"As a matter of constitutional law, the result of the Twenty-first Amendment is that a State may erect any barrier it pleases to the entry of intoxicating liquors."

From the cases cited by plaintiff we learn that the problems involved therein had no relationship to a cause of action such as is asserted in the instant case. They arose either in cases involving a violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note, or in connection with cases testing the validity of State legislation governing the transportation and importation of liquor through or into various states. Nowhere in those cases did the Court hold that plaintiff by the Twenty-first Amendment and under the Webb-Kenyon Act acquired a right to sue defendant in a federal court under the facts claimed to exist in this case. We think the District Court correctly held that no cause of action of the nature asserted here arose under the Amendment or under the Webb-Kenyon Act.

Plaintiff, however, insists that since the District Court accepted jurisdiction it must adjudicate plaintiff's claim resting upon the State law, even though the court had decided that no federal claim had been asserted upon which relief could be granted.

It is true that when, by virtue of a substantial federal question, a federal court obtains jurisdiction, it must proceed to decide all the questions in the case even though it decides the federal question adversely to the party raising the question. But whether a complaint states a cause of action on which relief could be granted is a question of law. Here it is clear that plaintiff predicated her claim on the theory that her cause arose under the Constitution and the laws of the United States. The trial judge determined that the allegations of the complaint did not state a claim under the Federal Constitution or laws upon

which relief could be granted. He disposed of the case on the federal ground upon which jurisdiction was based. We perceive no error in his ruling. See Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939; Bell v. Hood, D.C., 71 F.Supp. 813; and Massachusetts Universalist Convention v. Hildreth & Rogers Co., 1 Cir., 183 F.2d 497, 501.

Affirmed.