Henry Epstein, J.
Defendant moves for dismissal of the amended complaint for legal insufficiency. The original complaint was dismissed, the court stating: ‘ £ The complaint makes repeated allegations that the allegedly defamatory matter in the broadcast was published ‘ concerning the product of plaintiffs’ (paragraphs 9, 14, 15), but makes no allegation that the matter was published of and concerning plaintiffs themselves. The pleading must, therefore, be viewed as attempting to plead a cause of action for libel on a product. The fact that it also contains allegations that plaintiffs were injured in their good name is not sufficient to make out a good cause of action for libel of the plaintiffs themselves without an allegation that the matter was published of and concerning plaintiffs or allegations of facts showing this to be so. A cause of action for libel upon a product requires allegations of special damages.” It was further stated that in the original complaint it was alleged: “ that plaintiffs’ sales fell off in a specific dollar amount during a specific period. The period during which this drop is alleged to have occurred is £ from May, 1959, through January, I960.’ The only allegation as to when the broadcast occurred is that it commenced 6 prior to the 30th day of November, 1959 ’ and continued ever since. This allegation is consistent with the possibility that the broadcasts started a day or two before November 30, 1959. The drop in sales, however, commenced, according-to the complaint, as early as May, 1959, six or seven months before. Clearly the allegation of a drop in sales, which may have com *755 menced half a year prior to the broadcasts, is not a sufficient allegation of special damages ’ ’.
In the amended complaint, plaintiffs allege that their product has acquired secondary meaning and is readily recognizable by the public by reason of its features and that the product demonstrated in the course of a commercial advertising a competing product was and is identifiable by the public and users of plaintiffs’ product as the product of the plaintiffs, even though the name of the product as demonstrated was not shown. This is not the allegation of extrinsic facts but rather the ultimate fact that on the screen the product was identifiable without reference to anything but public identification. That the libel was published as and pertaining to the plaintiffs as alleged is capable of documentary proof in accordance with the allegations of identification of the product and its source. It would seem to follow that in this area of public service reference to a dangerous vaporizer affects the business reputation of the identified producer.
The complaint sufficiently states a claim of libel per se referring to plaintiffs requiring submission of the questions to the jury. (Brayton v. Crowell-Collier Pub. Co., 205 F. 2d 644; Samson United Corp. v. Dover Mfg. Co., 233 App. Div. 155; Reporters’ Assn. of America v. Sun Printing & Pub. Assn., 186 N. Y. 437; Vocational Guidance Manuals v. United Newspaper Mag. Corp., 280 App. Div. 593; Kirkman v. Westchester Newspapers, 287 N. Y. 373.)
Even if allegation of special damage is required, it has been set forth.
In the circumstances here, identification of lost customers is not essential, indeed not discoverable. The defect heretofore found with respect to the period of claimed loss of sales has been corrected, and the allegation is now related to a time immediately following the telecast. The motion is denied.