KAZ MANUFACTURING CO., Inc.,
Plaintiff,

v.

CHESEBROUGH–POND'S, INC.,
Defendant.

United States District Court
S. D. New York.

Dec. 7, 1962.

13. See Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949).

Harry Starr, New York City, for plaintiff; Briskin & Goldfarb, New York City, of counsel.

Morgan, Finnegan, Durham & Pine, New York City, for defendant; William D. Denson, and Warren H. Rotert, New York City, of counsel.

TYLER, District Judge.

This is a motion by defendant for summary judgment. The complaint alleges two claims: first, patent infringement and, second, unfair competition. Defendant originally moved for summary judgment on the first claim only; thereafter, but before final argument of the motion, it also applied for dismissal of the second claim for lack of pendent jurisdiction.[1]

For the disposition of this motion, we take the facts substantially as they are alleged in the complaint and in plaintiff's opposing affidavits, with a few exceptions to be specifically noted hereinafter.

Plaintiff manufactures and distributes for sale a variety of electric steam vaporizers and medicaments to be used therewith. An agent of defendant purchased two of plaintiff's vaporizers at a retail store. Defendant then proceeded to construct from these two a third or "hybrid" vaporizer, using the jar, stand and cord from one of plaintiff's models, and the cap, spout and heating unit from another. Plaintiff's vaporizers were protected in whole or part by patents and letters patent registered with the United States Patent Office.

On November 16, 1959, and on occasions thereafter, defendant caused to be shown on television an advertisement of a push-button spray called "Pertussin", manufactured by defendant, in which the above-described hybrid (clearly recognizable as being, or consisting of, the manufacture of plaintiff) was shown, in operating condition, accompanied by the spoken words on the audible part of the commercial, "Steam is dangerous."

Plaintiff argues that this reconstruction and use of its vaporizers, not being authorized, is an infringement of its patent rights. It is a possibility, assuming the correctness of defendant's contention that none of plaintiff's patents are combination patents, that the reconstructed or hybrid vaporizer would not work an infringement upon plaintiff's patents even if defendant were to construct such hybrids in volume and sell them on the open market. In my view of the case, I do not reach this question but merely assume for purposes of the disposition herein, that the hybrid is an infringing article under one or more of plaintiff's patents, if other factors necessary to a finding of infringement are present.

Patented articles are frequently sold or licensed to be used, with contractual limitations imposed by the patentee on the uses to which his patented item may be put. The rights of the patentee arising from such contractual limitations then fall within the protection of the patent laws. See e. g., General Talking Pictures Corp. v. Western Electric Co., et al., 305 U.S. 124, 59 S.Ct. 116, 83 L.Ed. 81 (1938), reh. den., 305 U.S. 675, 59 S.Ct. 355, 83 L.Ed. 437 (1939). But such a theory is not sustainable on the facts of the case at bar. The two vaporizers in question were purchased by an agent of defendant at a retail store, and no special conditions were imposed at their sales.[2] Accordingly, any cause of action arising under the patent laws in favor of the plaintiff in this case must derive from the statutes themselves rather than from limitations on use contractually imposed by plaintiff.

A search of the cases discloses no decision involving the type of acts here alleged to constitute an infringing reconstruction and use of patented manufacture.

The cases, however, do make clear that an unauthorized construction of a patented article is not infringement *per se*, but that it is necessary to look beyond the fact of construction to the

---

1. See footnote 13, infra.

2. Although plaintiff in its Rule 9(g) statement controverts the proposition that the

two vaporizers were sold "without restriction", no facts to support this denial are offered or suggested by plaintiff in its affidavits.

use to which the constructed article is, or is intended to be, put.[3]

■ For example, "The use of the patented machine for experiments for the sole purpose of gratifying a philosophical taste or curiosity or for instruction and amusement does not constitute an infringing use." Ruth v. Stearns Roger Manufacturing Co., 13 F.Supp. 697, 713 (D.C.Colo.1935), reversed on other grounds, 87 F.2d 35 (10th Cir., 1936). Nor does construction of an infringing device purely for experimental purposes constitute an actionable infringement. Chesterfield v. United States, 159 F.Supp. 371, 376, 141 Ct.Cl. 838, (1958); Dugan v. Lear Avia, 55 F. Supp. 223, 229 (S.D.N.Y.1944), aff'd. 156 F.2d 29 (2d Cir., 1946); see also, Beidler v. Photostat Corp., 10 F.Supp. 628, 630 (W.D.N.Y.1935), aff'd. 81 F.2d 1015 (2d Cir., 1936); but cf., Northill Co. v. Danforth, 51 F.Supp. 928, 929 (N.D.Cal.1942).

The question here, therefore, is whether the use made, or intended to be made, by defendant of the constructed vaporizer disturbs the "possession, use and enjoyment of the exclusive privileges secured by * * * Letters Patent" to plaintiff.[4]

■ In general terms, "[a] patentee * * * should be able to reserve and preserve his monopoly over the commercial use of his patented invention; in other words, he may altogether exclude others from the commercial field." Western Electric v. General Talking Pictures Corp., 91 F.2d 922, 928 (2d Cir., 1937), aff'd. 304 U.S. 175, 58 S.Ct. 849, 82 L.Ed. 1273 (1938), aff'd. 305 U.S. 124, 59 S.Ct. 116, 83 L.Ed. 81 (1938), reh. den., 305 U.S. 675, 59 S.Ct. 355, 83 L.Ed. 437 (1939). The right protected is the "right to be free from competition in the practice of the invention". Mercoid Corp. v. Mid-Continent Investment Co., 320 U.S. 661, 665, 64 S.Ct. 268, 271, 88 L.Ed. 376 (1944).

■ Otherwise expressed, patents confer upon patentees "the exclusive right and liberty to make and use and vend to others to be used their own inventions". Seymour v. Osborne, 78 (11 Wall) U.S. 516, 533, 20 L.Ed. 33 (1870). The "use" contemplated by this rule is the commercially valuable use which the patentee would or could avail himself of in exploiting his invention. Thus, the patent "insures against another doing substantially the same thing in substantially the same way as the patentee". 69 C.J.S. Patents, p. 172.

■■ For the purposes of this motion, it may be assumed that the use by defendant of plaintiff's manufacture in a television commercial was "commercially valuable" to defendant by reason of increasing its sales. But the crucial consideration here is that the value thereby accruing to defendant did not arise from the defendant's "doing substantially the same thing in substantially the same way" as the patentee would do, or allow to be done, in the course of exploiting its patent monopoly.

■ Of course, the physical acts performed by defendant's agent in the course of making the television film were substantially the same physical acts as an ordinary user of the steam vaporizer would perform in exploiting the medically remedial properties of the vaporizer. That is, or so it may be assumed for the purposes of this motion, the vaporizer was plugged in and steam caused to issue forth. But it is putting form before substance to argue that defendant thereby was "doing substantially the same thing in substantially the same way" as would normally be done in use of this vaporizer. "Doing substantially the same thing" refers to the use made of the article. The concept of use extends beyond the physical acts performed and includes as well the purpose for which the acts are performed. It should be noted, again, that the cases cited above, stating that the various acts described do not constitute an infringe-

---

3. Cf., Amdur, Patent Laws and Practice, 608–609 (1935).

4. Amdur, Patent Law and Practice, 795 (1935).

ment, turn on the purpose to which the construction is directed.[5]

■ Beyond doubt, defendant's purpose in using plaintiff's vaporizer was to increase the sales of its own product at the expense, in part, of plaintiff's sales.[6] This purpose or use is not, in my view, the type, the value accruing from which is secured to plaintiff by its patent monopoly.

In short, the acts of defendant here alleged, however actionable or unfair they may otherwise be, are not inconsistent with, and hence may not be proscribed by reason of, the patent monopoly secured to plaintiff by its patents.

Accordingly, it is concluded that defendant's actions, as specifically alleged, do not constitute an actionable infringement of plaintiff's patents.

Defendant, in its "Statement of Material and Undisputed Facts" submitted on this motion,[7] asserts that the acts of defendant as set forth above are the only basis for plaintiff's claim of patent infringement. Plaintiff, in its answering "Statement of Material Facts" squarely controverts that assertion; however, it does not then go on to indicate what other acts of defendant it might seek to prove in support of its claim of patent infringement.[8] Nowhere else in plaintiff's papers does it appear that acts of infringement other than those set forth above are suspicioned, let alone specified, by plaintiff.[9]

Thus, the question is posed as to whether this court must deny defendant's motion for summary judgment in view of the possibility, at least impliedly asserted by plaintiff, that there is a substantial but unspecified issue of fact as to whether defendant committed other acts of infringement in its use or misuse of plaintiff's vaporizer.[10]

The purpose of the court's deliberation upon a motion for summary judgment is to determine whether there exist substantial issues of fact material to the decision of the case. Slagle v. United States, 228 F.2d 673 (5th Cir., 1956); Community of Roquefort v. William Faehndrich, Inc., 303 F.2d 494, 498 (2d Cir., 1962); Empire Electronics Co., Inc. v. United States, 311 F.2d 175 (2d Cir., 1962).

■ The adversary system can work effectively in this inquiry only if the

---

5. The significance of the purpose for which the constructed article is intended to be used is reflected in the principle that "to constitute an infringement there must be substantial identity in result, means and mode." Amdur, Patent Law and Practice, 619 (1935); Fife Manufacturing Co. v. Stanford Engineering Co., 299 F.2d 223, 226 (7th Cir., 1962).

6. Defendant does not appear to deny this, at least for the purposes of this motion.

7. Submitted in accordance with Rule 9(g), General Rules of this Court.

8. "Defendant's Statement of Material and Undisputed Facts [paragraph one:] The only act of patent infringement complained of by plaintiff is the putting together of a single mock-up of an electrical vaporizer and filming it for a subsequent televised commercial which advertised a product of defendant."
   "Plaintiff's Statement of Material Facts [paragraph one:] Plaintiff denies the facts set forth in paragraph 1 of Defendant's Statement of Material and Undisputed Facts and these facts are controverted and not admitted. Plaintiff does not contend that the only act of patent infringement complained of by the plaintiff is the putting together of a single mock-up of an electrical vaporizer and filming it for a subsequent television commercial and advertised as a product of defendant. Plaintiff contends that defendant made and caused to be made, and used and caused to be used an infringing working embodiment of a vaporizer in accordance with United States Patent No. Des. 181,257, and United States Letters Patent Nos. 2,387,156, 2,-580,793 and 2,885,759, which was reconstructed in an unauthorized manner from parts taken from other new machines manufactured by plaintiff."

9. See, plaintiff's brief, pp. 22 ff., wherein there is no other instance of claimed infringement suggested or argued.

10. Of possible significance here are the facts that defendant has answered all interrogatories posed by plaintiff and that plaintiff has apparently completed depositions of those witnesses whom it has noticed an intention to examine before trial.

following burdens are effectively placed upon the parties: The proponent of a motion for summary judgment has the burden of satisfying the court that there is no substantial dispute as to questions of fact raised by the parties. Conversely, the opponent, to prevail has the obligation of squarely and precisely raising triable issues of relevant facts. Although the terms are not perfectly apposite, it could be said that, with respect to the question whether there are substantial questions of fact, the opponent of a motion for summary judgment has the burden of production and the proponent of the motion has the burden of proof.

The reasoning behind such an allocation of burdens does not seem easily assailable. It is reflected both in the Federal Rules of Civil Procedure and in the General Rules of this court.

General Rule 9(g) provides as follows:

"Upon any motion for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried.

"The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried.

"All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

Since it can be said that the ultimate question on a motion for summary judgment is whether substantial issues of fact exist, the two statements required by Rule 9(g) might properly be regarded as the memoranda of the contentions of the parties on this question.[11]

The Federal Rules of Civil Procedure also assume that the opponent of a motion for summary judgment is obliged to raise specific and substantial fact issues. Recognizing that he may not, at the time the motion is before the court, be in a position to proffer affidavits establishing that a given issue of fact does exist, Rule 56(f) provides:

"Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained * * * or may make such other order as is just."[12]

Plaintiff has tendered no such affidavit or affidavits.

■ The defendant's "Statement of Material and Undisputed Facts", so far as it bears on the issue under consideration, constitutes substantial compliance on its part with Rule 9(g) of the General Rules of this court. Plaintiff, assuming that it wished to raise fact issues in opposition to defendant's motion for summary judgment, was clearly put on notice by the first paragraph of defendant's

---

11. They are no more than this. Certainly, they are no substitute for specific facts set forth in sworn affidavits, nor can they of themselves determine ultimate questions of fact on such a motion. Moreover, the statement of purported fact issues must be specific. "[M]ere formal denials or general allegations which do not show the facts in detail and with precision are insufficient to prevent the award of summary judgment." Engl v. Aetna Life Ins. Co., 139 F.2d 469, 473 (2d Cir., 1943); accord, Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800, 804 (2d Cir.,

1960); Community of Roquefort v. William Faehndrich, Inc., supra, 303 F.2d at p. 498.

12. "To defeat a movant who has otherwise sustained his burden within the principles enunciated above, the party opposing the motion must present facts in proper form * * * or show good reasons why he is presently unable to do so in accordance with Rule 56(f)." 6 Moore, Federal Practice, § 56.15 [3] p. 2131; see also, 6 Moore, Federal Practice, § 56.27 [1] p. 2365.

"Statement of Material and Undisputed Facts" that a crucial issue for the court on this motion would be the truth of defendant's assertion that "the only act of patent infringement complained of by plaintiff is the putting together of a single mock-up of an electrical vaporizer * * *" Plaintiff, however, has not suggested any other acts of infringement. Thus, it has failed to carry its burden sufficiently to defeat summary judgment for defendant on the first claim in the complaint.

In so ruling, this court does not wish to suggest that summary judgment here can or should be resolved upon rigid quantitative concepts of proof. Rather, this ruling amounts to a finding that plaintiff "has failed to show * * * any possibility on a trial that he can raise an issue of fact" other than the construction and use of the "hybrid" vaporizer which defendant has admitted for the purposes of this motion. See Community of Roquefort v. William Faehndrich, Inc., 198 F.Supp. at p. 293, 303 F.2d at p. 498.

Accordingly, defendant's motion for summary judgment on the claim of patent infringement is granted.

To its claim for patent infringement, plaintiff has joined a second claim which alleges, with respect to the same acts of defendant as are described earlier in this opinion, that defendant "published de-

famatory matter * * * willfully and maliciously and for gain"; and that by reason of the publication plaintiff's "business * * * has been severely and irreparably damaged".

■ Since, for reasons stated hereinafter, I am of the view that the court is without jurisdiction over this second claim, it, too, must be dismissed.[13]

Plaintiff alleges federal jurisdiction of this claim in the following terms:

"This action arises under the Unfair Competition Laws of the United States, and this Court has jurisdiction in accordance with U.S.Code Title 28, Section 1338(b)."

Section 1338(b) provides that:

"The district courts shall have original jurisdiction of any civil action asserting a claim of unfair competition when joined with a substantial and related claim under the copyright, patent or trade-mark laws."

Jurisdiction of this claim presumably could as well be based upon general principles of pendent jurisdiction. Indeed, Sections 1338(b) is generally taken to be intended as statutory authority for pendent jurisdiction obtaining for the reasons discussed in such cases as Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).[14]

■ Both Section 1338(b) and general principles of pendent jurisdiction

---

13. Except for argument by defendant in its memorandum of law that the second claim should be dismissed for insubstantiality of the patent infringement claim (reply brief, pp. 17–19), the question of jurisdiction of the second claim was not raised in the original motion papers submitted by plaintiff. However, a court must be ready to determine, *sua sponte*, whether it has jurisdiction over a cause presented to it. Mansfield C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884). And since the question of jurisdiction over the second claim is totally dependent on the quality of the federal claim, which has been herein adjudicated on motion of the defendant, little would be gained by placing the case back on the trial calendar, for another judge to determine later whether the claim of patent infringement herein liti-

gated was a "substantial claim" for pendent jurisdiction purposes. Having for these reasons determined to decide this question, this court upon notice to both sides, heard additional oral argument and received additional memoranda of law from the parties thereon on November 27, 1962.

14. Reviser's Note, 28 U.S.C. 1338(b). For this reason it is uniformly held that § 1338(b) does not, by negative implication, exclude pendent jurisdiction over claims other than those for unfair competition. 1 Barron & Holtzoff, Federal Practice and Procedure, § 23, p. 101. Accordingly, it is of no moment that plaintiff's second claim here may not make out a claim for unfair competition but rather state some other cause of action.

require, in order that such jurisdiction obtain, that the federal claim be "substantial" and that the pendent claim be related, in specified manner, to the federal one.

I conclude that the first-stated of these requirements, substantiality of the federal claim, is not satisfied in the case at bar and that therefore the court is without jurisdiction over this joined claim.

■ Turning first to consider the meaning of the term "substantial claim", substantiality may be found where the claim is not "so unsubstantial as to be frivolous", Binderup v. Pathe Exchange, Inc., 263 U.S. 291, 306, 44 S.Ct. 96, 98, 68 L.Ed. 308 (1923); or, where it cannot be said that the claim is "obviously without merit" or that its invalidity " 'clearly results from the previous decisions of this court * * *' ", Levering & Garrigues v. Morrin, 289 U.S. 103, 105, 53 S.Ct. 549, 77 L.Ed. 1062 (1933); or, where the claim is only "pretty clearly unfounded", Strachman v. Palmer, 177 F.2d 427, 432 (1st Cir., 1949).

■ Some statements appear to place weight on the motives or good faith of the plaintiff in raising the claim: " * * * the Federal questions raised * * * are not merely colorable, and have not been fraudulently raised for the purpose of attempting to give jurisdiction to a Federal court", Siler v. Louisville and Nashville Ry. Co., 213 U.S. 175, 192, 29 S.Ct. 451, 455, 53 L.Ed. 753 (1909); "The requirement that the patent claim be substantial is designed to

preclude a collusive back door approach to the federal court." O'Brien v. Westinghouse Electric Corp., 293 F.2d 1, 11 (3d Cir. 1961); " * * * [A] suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction * * * ", Bell v. Hood, 327 U.S. 678, 682–683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).[15]

In the absence of extrinsic indications of collusion or bad faith, of course, a court could conclude or suspect there to be such motives only on the basis of the unsubstantiality of the claim raised.

Therefore, in the absence of any extrinsic indications of improper motive (and such absence obtains in the case at bar), a court, in these pendent jurisdiction cases, is inevitably remitted to determining, simply, just how clear it is that the claim is without merit.

There are numerous decisions where such a determination has been made.

It appears to me, that, taking the cases involving a federal claim of trademark, copyright, or patent infringement, wherein pendent jurisdiction over a joined claim was found notwithstanding dismissal of the federal claim, most of these fall within one of two broad categories:

(1) Cases in which it was held that the registered trademark, copyright, or patent, as asserted therein by plaintiff, was not a valid one.[16]

15. The court in Bell v. Hood treats the issue of substantiality as determining only whether there is federal jurisdiction over the federal claim itself and not, particularly, whether there is jurisdiction over the pendent claim. The two issues are decided by one and the same application of the "substantial claim" test. This lack of differentiation is manifest in all the cases; see, Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

16. For example: Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195 (1938) (mark unregisterable as descriptive); O'Brien v. Westinghouse Electric Corp.,

293 F.2d 1 (3d Cir., 1961) (patent invalid because of prior public use); Schreyer et al. v. Casco Products Corp., et al., 190 F.2d 921 (2d Cir., 1951) (patent invalid for lack of invention); American Securit Co. v. Shatterproof Glass Corp., 166 F.Supp. 813 (D.Del.1958) (patent unenforceable for mis-use); Radio Corp. of America v. Decca Records, 51 F.Supp. 493 (S.D.N.Y.1943) (mark too widely exclusory to be protected). Note also that two cases holding there to be no pendent jurisdiction in such circumstances, Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U.S. 166, 26 S.Ct. 425, 50 L.Ed. 710 (1906) (mark too widely exclusory to be protect-

(2) Cases in which it was held that the mark used, or the article made or sold, did not bear such a relation to the plaintiff's mark or product as to work an infringement.[17]

Both these issues, involving as they do questions of fact, are not normally decided on the basis of the pleadings alone. That the complaint does state a claim on which relief could be granted, as it normally does in cases falling in these two categories, is surely a strong indication that the claim is "substantial" for pendent jurisdiction purposes. (Although, failure to state a claim on which relief can be granted by no means requires a finding of unsubstantiality.) [18]

In this case, the first or patent infringement claim, assuming the truth of all the facts it alleges, does not state a cause of action. This case is thus distinguishable from most cases falling within the two above-named categories.

But the determinative consideration, to my mind, is simply that the acts of defendant here alleged are so remote from the activity which the patent laws, as I understand them, seek to protect against, that plaintiff's claim of patent infringement must be deemed to be without merit. The essential defectiveness of this claim is as great as that which moved the Court of Appeals for the Second Circuit to find a claim of trademark infringement too insubstantial to give pendent jurisdiction over a joined claim. American Automobile Association v. Spiegel, 205 F.2d 771, 774 (2d Cir., 1953).[19]

This court's attention has also been directed to that line of cases where pendent jurisdiction has been declined upon policy considerations as opposed to jurisdictional grounds hereinbefore discussed. A recent case in this Circuit, Walters v. Shari Music Publishing Corp., (193 F.Supp. 307 (S.D.N.Y.1961)), involved a claim for "abuse of confidential relationship" joined with a claim for copyright infringement.[20] The latter claim was dismissed, on the merits, upon defendant's motion for summary judgment. The court dismissed the pendent claim as well, not for lack of jurisdiction, but for the reason expressed as follows:

" * * * there is a considerable difference between a federal claim

---

ed), and Elgin Watch Co. v. Illinois Watch Co., 179 U.S. 665, 21 S.Ct. 270, 45 L.Ed. 365 (1901) (mark unenforceable as descriptive of the place of manufacture) were impliedly overruled by the Supreme Court in Hurn v. Oursler, supra, 289 U.S. at p. 245, 53 S.Ct. at p. 589, 77 L.Ed. 1148.

17. For example: Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) (copyright, dissimilarity); Lewis v. Vendome Bags, 108 F.2d 16 (2d Cir., 1939) (patent dissimilarity); Vickers, Inc. v. Fallon, 48 F.Supp. 221 (E.D. Mich.1943) (use of name only, and not the design, of plaintiff's mark held not infringing under the circumstances).

18. Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); Moore v. New York Cotton Exchange, 270 U.S. 593, 608–609, 46 S.Ct. 367, 370, 70 L.Ed. 750 (1926) ("What the court held was that the facts alleged were insufficient to establish a case under the Anti-Trust Act. Whether the objection that a bill of complaint does not state a case with-

in the terms of a federal statute challenges the jurisdiction or goes only to the merits, is not always easy to determine. * * * "). But see, State of Georgia v. Wenger, 187 F.2d 285, 287–288 (7th Cir., 1951).

19. In that case, a trademark infringement claim was determined to be insufficient. There the proof lacking was that defendant had performed the acts of selling or advertising for sale necessary to give rise to an action for trademark infringement.

20. The by-passing of the question of jurisdiction in this connection has constrained at least one federal court to take jurisdiction of the pendent claim. "[i]n the interest of expediting the disposition of both claims", while acknowledging, without further discussion of the jurisdiction problem, that it was "questionable * * * whether the claim of copyright infringement is 'substantial and related' [to the joined claim]". Barton Candy Corp. v. Tell Chocolate Novelties Corp., 178 F.Supp. 577, 583 (E.D.N.Y.1959).

which falls during trial and one which has been dismissed on pre-trial motion. In the latter situation—the one presented in this case—there has been no substantial commitment of federal judicial resources to the state claim at the time the federal claim is rejected. Since a federal court should not be eager to offer its facilities for the trial of a case which has lost its federal character, the appropriate course, as indicated by Judge Magruder in Strachman v. Palmer \* \* \* is to dismiss the action without prejudice." 193 F.Supp. at p. 308.[21]

■ It is true that a federal district court in many instances can decline to exercise jurisdiction over a claim before it (see note 21 herein). But particularly where, as here, the jurisdiction has been conferred specially by statute, I regard this to be a serious step justified only by exceptional circumstances.[22]

In the absence of clear authority therefore from the Court of Appeals of this Circuit, I decline to treat purely administrative considerations, of the type described by the court in Walters v. Shari Music Publishing Corp., in the passage quoted above, as necessarily meriting, even if permitting, a discretionary refusal to exercise jurisdiction. Moreover, supposing that I am incorrect in this view, I would prefer to rest my dismissal of a pendent claim, at least on the facts of this case, on the jurisdictional point as being the more certain ground.

■ Since there is no diversity citizenship between the parties, and because plaintiff's second claim is not otherwise cognizable in the federal courts,[23] that

21. This essentially administrative basis for dismissing the pendent claim is to be distinguished from the rationale of cases where the court declines or suspends jurisdiction in deference to state court determination of important or unsettled state law issues. See e. g., Louisiana Power & Light Co. v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959). Nor did the court in Shari, notwithstanding its citation of Telechron Inc. v. Parissi, 197 F.2d 757, 762, 763 (2d Cir., 1952), have the support, in declining jurisdiction, of the well established discretion to decline jurisdiction which obtains in declaratory judgment cases. 28 U.S.C. § 2201 provides that "In a case of actual controversy \* \* \* [the] court ·\* \* \* *may* declare the rights and other legal relations [of the parties]." [emphasis added] ; see also, Public Service Commission of Utah v. Wycoff Co., 343 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952) ("This is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.") For the proposition that pendent jurisdiction, too, is, for the court, a matter of "right" and not of "duty", see Fitzhenry v. Erie Ry. Co., 7 F.Supp. 880, 883 (S.D.N.Y. 1934).

22. Cf., Commonwealth Trust Co. of Pittsburgh v. Bradford, 297 U.S. 613, at pp. 618, 619, 56 S.Ct. 600, at pp. 601, 602, 80 L.Ed. 920 (1936), and cases cited therein.

"Jurisdiction having been properly invoked, it became the duty of the trial court to determine the issues, unless required by rules based on comity to relegate the complainant to the state court. This may not be done except in special and peculiar circumstances not revealed, we think, by the present record."

23. It is true that there is some authority to the effect that § 43(a) of the Lanham Act, 15 U.S.C. §§ 1051–1127, creates a cause of action for unfair competition and that the federal courts therefore have jurisdiction over such claims as one's arising under a statute of the United States. Stauffer v. Exley, 184 F.2d 962 (9th Cir., 1950). Perhaps this rule is sought to be invoked by the statement in the complaint in this case that "[t]his action arises under the Unfair Competition Laws of the United States." But even supposing that plaintiff could make out a cause of action qualifying as such under the Ninth Circuit's interpretation of the Lanham Act (Stauffer v. Exley, supra, 184 F.2d at pp. 965–966), it is clear that this Circuit rejects that notion that the Lanham Act itself creates a cause of action for unfair competition. American Automobile Association v. Spiegel, 205 F.2d 771, 775 (2d Cir., 1953); see, also Maternally Yours, Inc. v. Your Maternity Shop, 234 F.2d 538, 540 n. 1 (2d Cir., 1956) ; and Vanity Fair Mills v. T. Eaton Co., 234 F.2d 633, 645 n. 16 (2d Cir., 1956).

claim must be dismissed for lack of jurisdiction.

Defendant's motion for partial summary judgment on the claim of patent infringement is granted, and the remainder of plaintiff's action is dismissed, without prejudice, for lack of jurisdiction, with no costs to be taxed to abide the event.