KAZ MANUFACTURING CO., Inc.,
Plaintiff-Appellant,

v.

CHESEBROUGH–PONDS, INC.,
Defendant-Appellee.

No. 27997.

United States Court of Appeals
Second Circuit.

Argued April 23, 1963.

Decided May 21, 1963.

Briskin & Goldfarb, New York City, for appellant; Kenneth S. Goldfarb and Harry Starr, New York City, of counsel.

William D. Denson, New York City, for appellee; Warren H. Rotert of Morgan, Finnegan, Durham & Pine, New York City, of counsel.

Before SWAN, WATERMAN and MOORE, Circuit Judges.

SWAN, Circuit Judge.

This is a civil action in two counts, count 1 charging patent infringement and count 2 unfair competition. The patents in suit are Design Patent No. 181,257 for "Vaporizer Head Unit", Patent No. 2,885,750 for "Cover and Removable Spout Extension for a Vaporizer" and Patent No. 2,387,156 for "Elec-

tric Vaporizer".[1] Before answer, defendant moved for a partial summary judgment dismissing count 1 on the ground of non-infringement. Judge Tyler granted the motion and also dismissed, without prejudice, count 2 for lack of pendent jurisdiction. His opinion is reported in D.C., 211 F.Supp. 815. Plaintiff has appealed only from dismissal of count 1, but correctly claims that if the judgment as to count 1 should be reversed, the charge of unfair competition in count 2 should be reinstated.

■ The parties to this litigation are New York corporations. Plaintiff manufactures and sells electric steam vaporizers for use in hospitals and elsewhere in the treatment of persons having respiratory ailments. Defendant makes and sells a product known as "Pertussin" which it represents as useful in the treatment of respiratory sicknesses. Pertussin is packaged in an aerosol can and uses no steam to vaporize it. To advertise its product defendant caused to be shown on television in the Southern District of New York and elsewhere the film of a vaporizer emitting steam and synchronized it with a voice saying "Steam is dangerous." The film was not of one of plaintiff's vaporizers but of a "hybrid" type made up by defendant from parts of plaintiff's Models 105 and 250. Plaintiff's Model 105 is an embodiment of its Patent No. 2,885,750, and Model 250 embodies Patent No. 2,387,156. We assume that the Head Unit of each of the models conformed to Design Patent No. 181,257. Models 105 and 250 were sold by plaintiff without restrictions and defendant purchased one of each from retailers, shortened the spout of the Head Unit, and used parts of each model in constructing the "hybrid" vaporizer which was filmed for the television broadcast. The foregoing facts are undisputed and are basis for the present action charging patent infringement and unfair competition.[2]

■ In ruling on defendant's motion for a partial summary judgment Judge Tyler assumed that "the hybrid is an infringing article under one or more of plaintiff's patents, if other factors necessary to a finding of infringement are present." 211 F.Supp. at 817. However, he ruled that not every unauthorized construction of a patented article constitutes an infringement. Clearly this is correct. "The use of the patented machine for experiments for the sole purpose of gratifying a philosophical taste or curiosity or for instruction and amusement does not constitute an infringing use." Ruth v. Stearns-Roger Mfg. Co., D.Colo., 13 F.Supp. 697, 713, rev'd on other grounds, 10 Cir., 87 F.2d 35. See also Chesterfield v. United States, 159 F.Supp. 371, 376, 141 Ct.Cl. 838 which quotes Judge Rifkind's statement in Dugan v. Lear Avia, D.C., 55 F.Supp. 223, 229, aff'd 2 Cir., 156 F.2d 29, that "Exhibit 9 can be eliminated from consideration for it affirmatively appeared, without contradiction by plaintiff, that defendant built that device only experimentally and that it has neither manufactured it for sale nor sold any. Bonsack Machine Co. v. Underwood, C.C.E.D. N.C.1896, 73 F. 206, 211." In short, the purpose to which an unauthorized construction of a patented article is put may determine whether the construction constitutes an infringement of the patentee's rights.[3] Judge Tyler held that use of the hybrid vaporizer for the purpose of advertising defendant's product was not an

1. The complaint also charged infringement of a fourth patent, No. 2,580,793 for "Vaporizer"; but as appellant's brief does not refer to it, we accept appellee's statement that plaintiff abandoned this charge.

2. Prior to bringing the present action, plaintiff and others sued Metropolitan Broadcasting Corporation in the Supreme Court of New York for the libelous publication of the same television commercial complained of in the case at bar, and the complaint was held to state a good cause of action. Kaz, Inc. et al. v. Metropolitan Broadcasting Corporation, 27 Misc.2d 753, 211 N.Y.S.2d 412, affirmed 15 A.D.2d 878, 225 N.Y.S.2d 736. This decision is irrelevant on the issue of patent infringement in the case at bar.

3. Appellee's brief gives a striking example of this approach in suggesting that one who constructs a patented wall safe

infringement of any of plaintiff's patents. We agree.

 In arguing for the opposite conclusion, appellant relies on Transmirra Prods. Corp. v. Magnavox Co., S.D.N.Y., 110 F.Supp. 676, and Patent Tube Corp. v. Bristol-Myers Co., S.D.N.Y., 25 F. Supp. 776. Both these cases hold that use of a plaintiff's patented device to increase sales of defendant's product may make out a sufficient showing of infringing use to avoid dismissal for want of jurisdiction. However, as Ronson Art Metal Works, Inc. v. Brown & Bigelow, Inc., S.D.N.Y., 104 F.Supp. 716, 725, points out, there is a distinct difference between the degree of use requisite to satisfy a jurisdictional inquiry, and that needed to establish substantive infringement; else, all jurisdictional inquiries would be decisions on the merits.

 In the instant case, the only right retained by the plaintiff, once it sold the patented vaporizers, was the right to be free from competition "in the practice of the invention." Mercoid Corp. v. Mid-Continental Inv. Co., 320 U.S. 661, 665, 64 S.Ct. 268, 271, 88 L.Ed. 376. Defendant here did not claim the hybrid vaporizer as its own, or attempt to market it in competition with plaintiff's products. Indeed, it was conceded on oral argument that there could have been no charge of infringement, had defendant filmed an unaltered Kaz Model 105 or 250 vaporizer for use in the television commercial. It seems somewhat ironic that it was defendant's attempt to disguise the vaporizer actually filmed, which brought about this action. The use made of the hybrid by defendant may give rise to a cause of action under some other theory, but the patent laws offer plaintiff no solace. Since the construction and single use of the hybrid vaporizer in the commercial formed the only basis for plaintiff's claim of infringement, see 211 F.Supp. at 819, Judge Tyler's granting of defendant's motion for summary judgment on count 1 was proper.

but uses it only as an anchor for his boat would not be a patent infringer since such use would not be for the pur-

Plaintiff conceded that, if summary judgment on the patent claim were proper, the court would lose jurisdiction over the related claim for unfair competition; indeed, as already stated, no appeal was taken from dismissal of the charge of unfair competition in count 2.

The judgment is affirmed.

pose of utilizing the teachings of the patent.