In the Matter of UNION NATIONAL BANK AND TRUST COMPANY OF SOUDERTON, PENNSYLVANIA

and

The Citizens Bank, Formerly the Citizens and Southern Bank of Philadelphia, Adjudging Said Depositories as Contemnors.

Misc. No. 3424.

United States District Court
E. D. Pennsylvania.

March 31, 1969.

Sheldon S. Toll, Montgomery, Mc-Cracken, Walker & Rhoads, Philadelphia, Pa., for The Citizens Bank.

Donald M. Bowman, Gold, Bowman & Korman, Philadelphia, Pa., for Reliance Ins. Co., petitioner.

## OPINION

CLARY, Chief Judge.

This matter is presently before the Court on a petition by the Reliance Insurance Company (hereinafter "Reliance") to reinstate and change the form of its action filed with this Court. Previously, these same parties were before this Court on the motions of Union National Bank and Trust Company of Souderton, Pennsylvania, (hereinafter "Union National") and The Citizens Bank of Philadelphia (hereinafter "Citizens") to dismiss a rule to show cause why they should not be held in contempt of Court. These motions were granted, and the petition of Reliance was dismissed without prejudice to its right to attempt to recover its loss by other proceedings. In the Matter of Union National Bank and Trust Company of Souderton, Pennsylvania and Citizens Bank, formerly the Citizens and Southern Bank of Philadelphia, Adjudging said Depositories as Contemnors, 287 F. Supp. 431 (E.D.Pa.1968). The basis of the Court's holding in that case was that duties to the Bankruptcy Court of banks which were depositories of bankruptcy funds did not extend beyond accounts of receivers and trustees in bankruptcy. Hence, banks were under no extraordinary duty to protect, preserve, or segregate funds set up by auctioneers in the form of corporate checking accounts (as was the case here) because such were not bankruptcy accounts.

The present petition of Reliance alleges facts which, if proven, would make out a cause of action for undue enrichment. Union National and Citizens have moved to dismiss this petition on the ground that the Court lacks jurisdiction, there being no diversity of citizenship between the parties and no federal

Irwin S. Rubin, Souderton, Pa., for Union Nat. Bank and Trust Co. of Souderton, Pa.

question involved since Reliance's petition is no longer framed in terms of the provisions of the Bankruptcy Act as it was earlier. However well taken these objections may be, both from depositions produced at the hearing on Reliance's prior petition and from the record thereof, it would appear that the claim that the banks knew that the accounts in question were in fact fiduciary accounts is well founded. The situation presented to the Court then is that Reliance would appear to have a legitimate cause of action under the laws of the State of Pennsylvania which arises out of the same facts and circumstances as those on which its prior claim was based. For the reasons set out below, the Court has decided that the petition of Reliance to reinstate and change the form of action should be granted and the motion of Union National and Citizens to dismiss should be denied.

The doctrine of federal pendent jurisdiction is a relatively recent development in the law involving a Federal Court's jurisdiction to entertain and decide a non-federal claim joined with a claim based on federal law where federal jurisdiction could be predicated solely on the presence of the federal claim.

■ There are several factors which have been developed to determine whether or not pendent jurisdiction will attach in a given case. The first of these is whether or not plaintiff's federal claim is substantial in the sense that it could withstand a jurisdictional challenge in a case in which jurisdiction is based on the presence of a federal question without the joinder of a non-federal claim. Kaz Manufacturing Co., Inc. v. Chesebrough-Pond's, Inc., 211 F.Supp. 815 (S.D.N.Y.1962), aff'd. 317 F.2d 679 (2d Cir. 1963). Federal claims have satisfied the substantiality requirement for pendent jurisdiction purposes where it could not be dismissed on the face of the pleadings alone. See, Rumbaugh v. Winifrede Railroad Co., 331 F.2d 530 (4th Cir. 1964), cert. denied 379 U.S. 929, 85 S.Ct. 322, 13 L.Ed.2d 341. So long as the federal claim is not clearly unsound or obviously without merit, it is sufficient to confer jurisdiction on the Federal Court even over the non-federal claim.

Nor does a mere adverse decision on the federal claim establish that it is unsubstantial. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), Gibbs v. United Mine Workers of America, 343 F.2d 609 (6th Cir. 1965), aff'd. 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In the course of its opinion in the latter case, the Circuit Court said:

"Our present application of the doctrine of pendent jurisdiction is not novel. In Hurn v. Oursler, Mr. Justice Sutherland quoted from Siler v. Louisville & N. R. R. Co., 213 U.S. 175, 191, 29 S.Ct. 451, 455, 53 L.Ed. 753, 757 (1909), where the Court ruled that once federal question jurisdiction had been acquired the circuit court 'had the right to decide all the questions in the case, even though it decided the Federal questions adversely to the party raising them, or *even if it omitted to decide them at all, but decided the case on local or state questions only.*'" Gibbs v. United Mine Workers of America, 343 F.2d at 615. (Emphasis in original).

The decision of the Supreme Court in the case of Hurn v. Oursler, supra, produced one of the most important tests for determining the permissible bounds of pendent jurisdiction. This is known as the "singleness of cause of action test" and was the controlling law in the area from 1933 until 1966 when the *Gibbs* case was decided. In the course of its opinion in the *Hurn* case, the Court pointed out the distinction between "a case where two distinct grounds in support of a single cause of action are alleged, one only of which presents a federal question, and a case where two separate and distinct causes of action are alleged, one only of which is federal in character. In the former. * * * upon the nonfederal cause of action." Hurn v. Oursler, supra, 289 U.S. at 246, 53 S.Ct. at 589 (Emphasis in original).

The "singleness of cause of action" test enunciated for the first time in *Hurn* is often stated that in order for pendent jurisdiction to attach, there must be a single cause of action or wrong arising out of one set of operative facts, ostensibly redressable by federal law, but also redressable by state law; that a non-federal claim can be joined with a federal claim only if the non-federal claim differs from the federal claim solely in the ground asserted for recovery while at the same time arising from substantially the same set of facts. See, Air Line Stewards & Stewardesses Ass'n v. Transport Workers Union, 334 F.2d 805 (7th Cir. 1964).

Be that as it may, Courts have also recognized that there can be no hard and fast rule as to the extent of evidentiary identity necessary to bring a non-federal claim and federal claim within the single cause of action concept. The question must always be one of degree, e. g. American Security Co. v. Shatterproof Glass Corp., 166 F.Supp. 813 (D. Del.1958). It has been held that the concept of singleness of cause of action is not violated by the fact that different types of relief are available under federal and state law. See, Price v. United Mine Workers, 336 F.2d 771, cert. denied 380 U.S. 913, 85 S.Ct. 899, 13 L.Ed.2d 799, and in one case, a single fraudulent transaction was held to be one cause of action giving the Federal Court jurisdiction not only over the securities acquired in violation of federal law, but also over the other property not normally within federal jurisdiction. Errion v. Connell, 236 F.2d 447 (9th Cir. 1956).

The most recent decision by the United States Supreme Court involving the doctrine of pendent jurisdiction is the case of United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). In this case the Court expressed its opinion on the tendency to restrict the application of pendent jurisdiction as set forth in the *Hurn* doctrine "to cases in which the state and federal claims are, as in *Hurn*, 'little more than the equivalent of different epithets to characterize the same group of circumstances.' 289 U.S., at 246 [53 S.Ct., at 590]." Id. at 724, 86 S.Ct. at 1138.

The Court went on to say:

"This limited approach is unnecessarily grudging. Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case'. The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. * * * The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." Id. at 725, 86 S.Ct. at 1138. (Footnotes and citations omitted).

After noting that the Federal Rules of Civil Procedure embody the tendency of their decisions to require plaintiff to try his whole case at one time and that to that extent emphasize the basis of pendent jurisdiction, the Court emphasizes the fact that exercise of pendent jurisdiction is a matter of absolute discretion with the Court. However, the Court added: " * * * There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong. * * * " United Mine Workers of America v. Gibbs, supra, at 727, 86 S.Ct. at 1139.

Such statements as this make it clear that the instant case is a most appropriate one for the exercise of pendent juris-

diction. The requirement of substantiality of the federal claim is more than adequately met since, as was pointed out above, mere adverse determination does not negate substantiality, and also since the Court considered it of sufficient substance to award it an extensive hearing followed by a very comprehensive opinion.[1]

 Also, the test of "singleness of cause of action" is satisfied since in the case at bar, there is not only substantial similarity in the facts giving rise to the federal and state claims, but in reality, there is complete evidentiary identity; both the federal and state claim arise from the same alleged mishandling of fiduciary accounts.

Finally, the Court takes notice of the fact that any decision on the non-federal claim in the case at bar will inevitably have an indirect effect on the conduct of future bankruptcy matters of a similar nature; this result must follow since the alleged fraud occurred in relation to funds deposited by Auctioneers, Inc., an authorized agent of the Bankruptcy Court, which acquired the funds from the auction sales of bankrupt estates. In the opinion of the Court, this makes the instant case one "in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." United Mine Workers of America v. Gibbs, supra, at 727, 86 S.Ct. at 1139.

Pending the decision of this Court on the instant motion, Reliance Insurance Company started what might be called a protective action in the State Court (in the Court of Common Pleas of Montgomery County, Term 1968, Civil Action Equity No. 69–2374.) At the hearing on the present motion, counsel for the banks requested the Court that should it grant the motion of Reliance that Reliance should be directed not to proceed further with its case in the Montgomery County Court. That request is granted and Reliance is directed to proceed no further with the State Court case pending decision in this Court on the merits of the instant action.

Therefore, the Petition of Reliance Insurance Company to reinstate and change the form of action is granted and the case is transferred from the Miscellaneous to the Civil Action docket of the Court upon payment by Reliance of additional Court costs and the filing of an amended complaint; the banks' Motion to dismiss for lack of jurisdiction is denied, and it is so ordered.

---

1. *The opinion* referred to is In the Matter of Union National Bank and Trust Company of Souderton, Pennsylvania and Citizens Bank, formerly the Citizens and Southern Bank of Philadelphia, Adjudging said Depositories as Contemnors, 287 F. Supp. 431 (E.D.Pa.1968).